No. 95,339

STATE OF KANSAS, *Appellee*, v. PETER J. DAVIS, *Appellant*.

(156 P.3d 665)

Opinion filed April 27, 2007.

*Patrick D. Quirk*, of Kansas City, argued the cause and was on the brief for appellant.

*Jerome A. Gorman*, district attorney, argued the cause, and *Phill Kline*, attorney general, was with him on the brief for appellee.

The opinion was delivered by

LUCKERT, J.: Peter J. Davis appeals the district court's denial of his motion to correct an illegal sentence. We affirm, holding that a motion to correct an illegal sentence does not provide a defendant a means for a collateral attack of a conviction arising after a district court ruled that the State, during trial, could orally amend the date of offense alleged in the complaint.

The amendment at issue was made at the close of the State's evidence. Originally, Davis was charged with one count of first-degree murder which was alleged to have occurred on January 26, 2000. His case was joined with other codefendants who were charged not only with the crime of first-degree murder, alleged to have occurred on January 26, 2000, but also with crimes alleged to have occurred on January 24, 2000. The information was amended twice, and the third amended information, the last filed before trial, alleged that Davis, along with his codefendants, conspired to commit first-degree murder on January 24, 2000, and committed overt acts on both January 24, 2000, and January 26, 2000.

During the trial, after the State had rested its case, defense counsel moved for a directed verdict. As to Count X, the count at issue

on this appeal, defense counsel argued the State had not presented evidence to prove that Davis and the alleged coconspirators agreed to commit murder on January 24, 2000. Defense counsel contended there was no testimony showing Davis was with the others on that particular date. The State then moved, over defense counsel's objection, to amend the information to properly show January 26, 2000, as the only date on which Davis allegedly conspired to commit first-degree murder. The court granted the State's oral motion. No written fourth amended information was ever filed, nor was the amendment memorialized in a journal entry. Davis was found guilty and his conviction was affirmed on direct appeal. See *State v. Davis*, 277 Kan. 231, 83 P.3d 182 (2004).

Subsequently, Davis filed a pro se motion to correct an illegal sentence, arguing the district court lacked jurisdiction because the State had not memorialized the amendment, which Davis felt caused him prejudice. The district court held a hearing on the motion on June 22, 2005. After considering counsel's arguments, the court found the defendant suffered no prejudice due to the State's failure to file a fourth amended information and denied Davis' motion to correct an illegal sentence. The district court subsequently ordered the State to file a journal entry nunc pro tunc correctly stating the offense in the conspiracy count. The State complied.

Davis filed this appeal. His argument is based upon the requirement that the complaint or information shall be a plain and concise "written" statement of the essential facts constituting the charged crime. K.S.A. 2006 Supp. 22-3201(b). Thus, even though an oral amendment is permitted at trial, a writing is required. "The amendment to [a] complaint or information may be shown by interlineation on the complaint or information, by the filing of an amended complaint or information, or by a journal entry stating the amendment to the complaint or information." *State v. Rasch*, 243 Kan. 495, 501, 758 P.2d 214 (1988). Through his motion, Davis argues the court was deprived of jurisdiction because the State failed to comply with this requirement.

Davis' motion was filed pursuant to K.S.A. 22-3504. K.S.A. 22-3504 only applies if a sentence is illegal, and the question of

whether a sentence is illegal is a question of law over which this court has unlimited review. *State v. Hoge*, 283 Kan. 219, 221, 150 P.3d 905 (2007). This court has defined an illegal sentence as a sentence imposed by a court without jurisdiction, a sentence which does not conform to the statutory provision, either in character or the term of the punishment authorized, or a sentence which is ambiguous with regard to the time and manner in which it is to be served. *Hoge*, 283 Kan. at 225; *State v. Nash*, 281 Kan. 600, 601, 133 P.3d 836 (2006); *State v. Edwards*, 281 Kan. 1334, 1336, 135 P.3d 1251 (2006).

We must examine whether Davis' argument falls under any of these categories of an illegal sentence. In doing so, we note that the essence of Davis' claim, as the district court correctly concluded, is whether Davis suffered prejudice. Contrary to the defendant's argument, no jurisdictional issue is raised. The State's failure to file an amended complaint after making an oral motion to do so does not deprive a trial court of subject matter jurisdiction over the defendant. See *State v. Switzer*, 244 Kan. 449, 457, 769 P.2d 645 (1989) (holding that failure to properly memorialize an oral motion to amend the information is not, in itself, prejudicial to the defendant and does not constitute reversible error); *State v. Nunn*, 244 Kan. 207, Syl. ¶ 18, 768 P.2d 268 (1989) (holding that an oral amendment is effective, absent prejudice to the defendant, even where the prosecution failed to memorialize the amendment in a journal entry until after the trial); *State v. Dodd*, 11 Kan. App. 2d 513, 515, 728 P.2d 402 (1986) (holding that failure to file an amended information in writing is not reversible error and that making only an oral amendment does not result in a defendant being found guilty of a crime that he or she was not charged with). Thus, the remaining issue is whether the amendment was appropriate. The State may orally amend a complaint at any time prior to the verdict if no additional or different crime is charged and if substantial rights of the defendant are not prejudiced. K.S.A. 2006 Supp. 22-3201(e); *Rasch*, 243 Kan. at 499. In this case, a different crime was not charged; the date of offense was changed. Consequently, the amendment was appropriate if it was not prejudicial.

Regardless of how Davis' issue is framed, a motion to correct an illegal sentence is not the appropriate mechanism for the relief he seeks. This court has reiterated that K.S.A. 22-3504(1) has very limited applicability. *State v. Gayden*, 281 Kan. 290, 293, 130 P.3d 108 (2006). The relief available under the statute is correction of a sentence, rather than reversal of a conviction. *Nash*, 281 Kan. at 601. In *Nash*, the defendant filed a motion to correct an illegal sentence on the ground that the complaint was fatally defective. Nash, who was convicted and sentenced for felony murder and aggravated robbery, argued he was incorrectly charged with taking property only from the "presence" of another rather than from the "person or presence" of another. This court held that a motion to correct an illegal sentence was not the appropriate remedy for Nash's claim, stating:

"The defendant herein is seeking reversal of his conviction of aggravated robbery as opposed to correction of the sentence imposed on the conviction. In essence, the defendant is seeking to use the correction of an illegal sentence statute as the vehicle for a collateral attack on a conviction. Such relief is not available under K.S.A. 22-3504." 281 Kan. at 602.

See also *Hoge*, 283 Kan. at 225; *Edwards*, 281 Kan. at 1336.

Similarly, we conclude that relief is not available to Davis under K.S.A. 22-3504 based upon a prosecutor's failure to memorialize in writing an oral amendment to a complaint or information or based upon a claim that the oral amendment prejudiced the defendant. Davis is essentially seeking to use the correction of an illegal sentence statute as a vehicle for a collateral attack on his conviction.

The district court correctly denied relief, although for the wrong reason. As stated in *Nash*: "The district court should have denied relief on the basis that the only relief sought was not available under the statute. However, where the trial court reaches the right result, it will not be reversed even though its reasoning was not correct. *State v. Graham*, 277 Kan. 121, 133, 83 P.3d 143 (2004)." 281 Kan. at 602. The motion, files, and records of the case conclusively show that Davis was entitled to no relief.

Affirmed.