NOT DESIGNATE FOR PUBLICATION

No. 112,756

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF HUTCHINSON,
*Appellee*,

v.

DANIEL JACKSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH Rose, judge. Opinion filed December 23, 2015. Reversed.

*Shannon S. Crane*, of Hutchinson, for appellant.

*Michael C. Robinson*, of Forker, Suter, Robinson & Bell LLC, and for appellee.

Before ATCHESON, P.J., GARDNER, J., and BURGESS, S.J.

*Per Curiam*: On August 26, 2013, Jackson was stopped by a Hutchinson police officer because the officer believed Jackson's driver's license was suspended. The officer cited Jackson for driving while suspended. The municipal court found Jackson not guilty of driving while suspended but guilty of driving without a license, which it believed was a lesser included offense of driving while suspended. Jackson appealed to the district court.

1

On July 14, 2014, the district court conducted a bench trial. Jackson's certified driving record, which was not included in the record of this appeal, was admitted at trial. At trial, the officer who issued the citation testified that while Jackson's driving privileges had been suspended, Jackson did not actually have a driver's license. See K.S.A. 2014 Supp. 8-262(a)(1) (driving while suspended requires proof that defendant previously held a driver's license that has since been suspended *or* proof that the defendant's ability to obtain a driver's license has been suspended). Jackson claimed that he had never obtained a Kansas driver's license. The district court found Jackson guilty of driving without a license and ordered him to pay a $100 fine, plus $76 in court costs. Jackson was also sentenced to 5 days in jail which was suspended for 180 days conditioned on his paying the fines and not incurring new citations.

Jackson argues that the district court erred in convicting him of driving without a license. Jackson claims that (1) the district court tried the case de novo, which required it to consider the charges in the original complaint; (2) the amendment of the complaint was improper because it resulted in him being charged and convicted with a different crime; and (3) the Double Jeopardy Clause precludes him from being prosecuted again for driving while suspended. We agree.

*Our scope of review*

We use an abuse of discretion standard in reviewing a district court's decision to allow a complaint or information to be amended. *State v. Bischoff*, 281 Kan. 195, 205, 131 P.3d 531 (2006). Generally, the district court abuses its discretion if its decision is arbitrary, fanciful, or unreasonable, based on an error of law, or based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). But the district court may also abuse its discretion when its decision "goes outside the framework of or fails to properly consider statutory limitations or legal standards."

2

*State v. Shopteese*, 283 Kan. 331, 340, 153 P.3d 1208 (2007). The burden of establishing that the district court abused its discretion is on the appellant. *Bischoff*, 281 Kan. at 205.

*The charge at the trial de novo*

We begin by reviewing the nature of Jackson's appeal from the municipal court's finding that Jackson violated a traffic ordinance. When a municipal court finds a defendant guilty of violating an ordinance of a Kansas municipality, the defendant has the right to appeal to the district court of that county. K.S.A. 2014 Supp. 22-3609(1). The relevant statute establishes that on "appeal," the case shall be tried de novo in the district court:

> "When a case is appealed to the district court, such court shall hear and determine the cause on the original complaint, unless the complaint shall be found defective, in which case the court may order a new complaint to be filed and the case shall proceed as if the original complaint had not been set aside. The case shall be tried de novo in the district court." K.S.A. 22-3610(a).

When the district court conducts a trial de novo, "the municipal court conviction appealed from is vacated." *City of Salina v. Amador*, 279 Kan. 266, 274, 106 P.3d 1139 (2005). Under K.S.A. 22-3609 there is no appellate review of previous orders or judgments, and the prosecution, for practical purposes, starts over. *State v. Legero*, 278 Kan. 109, 114, 91 P.3d 1216 (2004).

But the prosecution starts over based upon the original complaint. See K.S.A. 22-3610(a) (providing that the court shall hear and determine the cause on the original complaint). Because the original complaint against Jackson was never found to be defective, and the record does not reflect that the court ordered a new complaint to be filed, the charge against Jackson at the trial de novo before the district court was the original charge of driving while suspended.

3

The City argues that the charge at the trial de novo was driving without a license, citing *State v. Derusseau*, 25 Kan. App. 2d 544, 966 P.2d 694 (1998). We find *Derusseau* not on point. There, a district magistrate judge convicted the defendant of driving under the influence and acquitted him of fleeing or attempting to elude a police officer. The district court, however, held a trial de novo on both charges, to which the defendant objected. On appeal, the defendant claimed his double jeopardy right was violated when he was tried in district court on the fleeing and eluding charge. The panel determined that the trial de novo provisions applied only to charges of which the defendant had not been acquitted. 25 Kan. App. 2d at 550

Here, as noted, the municipal court acquitted Jackson of driving while suspended and convicted him driving without a license. Although he appealed the conviction to the district court, the proper procedure was a trial de novo, which would vacate the municipal court's judgment and start the prosecution over. But the prosecution could not start over on that charge because Jackson had been acquitted of driving while suspended. See K.S.A. 21-3108(1) (providing that a prosecution is barred if the defendant was formerly prosecuted for the same crime, based on the same facts, if that former prosecution resulted in an acquittal). And even though Jackson was convicted of driving without a license, Jackson had never been charged with that offense. The district court also could not review the municipal court's judgment because there is no appellate review under K.S.A. 2014 Supp. 22-3609. *Legero*, 278 Kan. at 114.

*The City's attempt to amend the charge in district court*

The record indicates, however, that the City may have orally amended the charge, or have attempted to do so. After the city attorney, Mr. Robinson, notified the court that he had finished examining his first witness, the following colloquy occurred:

"MR. ROBINSON: I think that's all the questions I have, Your Honor.

"THE COURT: Okay. Mr. Kepfield.

"MR. ROBINSON: Other than I guess, Your Honor, I think I told you prior to coming in here; I told Mr. Kepfield this started out as a driving while suspended but Judge Dower found him guilty of driving without a license. So that's what the charge is here today.

"THE COURT: Okay.

"MR. KEPFIELD: Thank you, Judge."

This conversation may indicate that the city attorney had told the judge before the trial de novo that the charge was driving without a license and had told the defense attorney the same at some point. And it reflects no objection by the defense attorney to that course of action.

Nonetheless, we cannot find this to be a proper amendment under the facts shown of record. "The charging instrument must set out the specific offense alleged against the defendant in order to inform the defendant of the nature of the accusation against him or her and to protect the defendant from being convicted on the basis of facts that were not contemplated in the initial charges." *State v. Trautloff,* 289 Kan. 793, 802, 217 P.3d 15 (2009). A complaint can be amended orally, *State v. Rasch*, 243 Kan. 495, 501, 758 P.2d 214 (1988), but generally a writing is required. *State v. Davis*, 283 Kan. 767, 768, 156 P.3d 665 (2007). An amendment "'may be shown by interlineation on the complaint or information, by the filing of an amended complaint or information, or by a journal entry stating the amendment to the complaint or information.'" 283 Kan. at 768 (quoting *Rasch*, 243 Kan. at 501). Failure to memorialize an amendment is harmless error when the defendant is not prejudiced by the failure to memorialize the amendment and had notice of it being made on the record. See *State v. Switzer*, 244 Kan. 449, 457, 769 P.2d 645 (1989).

5

But here, the documents before us fail to reflect that any amendment to the charge was ever made on the record. The district court's journal entry does not indicate that the complaint was amended; the record reflects that no amended complaint was filed; and no interlineation appears on the citation itself. Further, the record is silent as to any oral amendment of the charge, but for the colloquy set forth above. That conversation, itself, does not constitute an amendment on the record but merely alludes to prior conversations about an amendment, and those prior conversations are not reflected in the record.

*De facto amendment*

The prosecution seems to suggest that the very fact that Jackson was convicted in municipal court of driving without a license necessarily means that his appeal was from that charge. It concedes that the parties and the district court "erroneously proceeded" under the belief that the charged offense was driving while suspended, noting that Jackson could not be retried on that charge in district court since he had been acquitted of it in municipal court.

This argument would have a certain logical appeal were the district court proceedings in the nature of a typical appeal rather than a trial de novo, but we reject it as contrary to the statute, which specifically provides that when a case is appealed to the district court, such court shall hear and determine the cause de novo on the original complaint. K.S.A. 22-3610(a). Because the stated exceptions to that rule are not present here, and no amendment on the record has been shown, we apply the plain language of the statute.

*The district court's attempt to amend the complaint to conform to the evidence*

District courts have the power to amend a complaint to conform to the evidence admitted at trial. The relevant statute provides that a complaint or information may be

6

amended "at any time before verdict or finding if no additional or different crime is charged and if substantial rights of the defendant are not prejudiced." K.S.A. 22-3201(e).

But here, an additional or different crime was charged. Jackson was cited for violating Hutchinson Standard Traffic Offense (STO) 194, which is the same as K.S.A. 2014 Supp. 8-262, driving while suspended. The district court convicted Jackson of violating Hutchinson STO 192, or K.S.A. 2014 Supp. 8-235, driving without a license. K.S.A. 2014 Supp. 8-235 requires proof that the defendant was driving without a license, and K.S.A. 2014 Supp. 8-262 requires proof that the defendant at one point had a license that is now canceled, suspended, or revoked or proof that the defendant's privilege to obtain a license is suspended or revoked. *State v. Armstead*, No. 108,533, 2014 WL 349561, at *5. (Kan. App. 2014) (unpublished opinion).

Thus driving without a license and driving while suspended are different crimes. See *State v. Bowie*, 268 Kan. 794, 999 P.2d 947 (2000). One is not a lesser included offense of the other. See *Armstead*, 2014 WL 349561, at *4-5. "[T]he district court's discretion to amend the complaint before the verdict is statutorily limited under K.S.A. 22-3201(e) to circumstances where no additional or different crime is charged and no prejudice is suffered." *Armstead*, 2014 WL 349561, at *4.

Under these circumstances, we find that the district court abused its discretion and exceeded its jurisdiction in making this amendment to conform to the evidence, which amendment charged a new crime. See *State v. Ramirez*, 299 Kan. 224, 227-28, 328 P.3d 1075 (2014); *State v. Gonzales*, 289 Kan. 351, 367, 212 P.3d 215 (2009); *State v. Belcher*, 269 Kan. 2, 8, 4 P.3d 1137 (2000).

*Invited error*

The prosecution contends that Jackson's attorney in closing argument invited the district court to err by arguing for a "lesser included" offense. But the record reveals that Jackson's attorney did not get what he requested. He invited the court to find Jackson guilty of failing to display a valid license in violation of STO section 193 or K.S.A. 8-244. Jackson was convicted, however, of driving without a license in violation of STO 192. Under these circumstances, the invited error doctrine is inapplicable.

*Double jeopardy*

Finally, Jackson argues that the Double Jeopardy Clause prevents him from being prosecuted again for driving while suspended.

Although the district court did not make a specific finding as to the charge of driving while suspended, it stated that it was duplicating the municipal court's order. That order clearly states that it found Jackson not guilty of driving while suspended. Accordingly, the district court's finding is equivalent to an acquittal on the charge of driving while suspended, and Jackson cannot be prosecuted again for that charge. See K.S.A. 2014 Supp. 21-5110 (a)(1).

Reversed.