NOT DESIGNATED FOR PUBLICATION

Nos. 112,294
112,295

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

PETER J. DAVIS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; THOMAS L. BOEDING, judge. Opinion filed January 29, 2016. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney at Law, of Lawrence, for appellant.

*Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., HILL and POWELL, JJ.

*Per Curiam*:  Peter J. Davis claims the district court erred in summarily dismissing his K.S.A. 60-1507 motions as untimely. We disagree.

*Procedural Background*

In 2001, Davis was convicted of first-degree murder, attempted first-degree murder, and conspiracy to commit first-degree murder. He was sentenced to life in prison, plus 117 months. On direct appeal, the Kansas Supreme Court affirmed Davis'

1

convictions. *State v. Davis*, 277 Kan. 231, 83 P.3d 182 (2004). Davis then filed a motion to correct an illegal sentence which the district court denied and which Davis then unsuccessfully appealed. *State v. Davis*, 283 Kan. 767, 156 P.3d 665 (2007).

In 2007, Davis filed a pro se K.S.A. 60-1507 motion. In 2009, he filed another pro se motion and his counsel filed a supplemental motion. The district court considered the 2007 and 2009 motions together. At that hearing, the State moved to dismiss both motions as untimely. The district court, however, decided to hear Davis' testimony on a conditional basis since he was present and to consider the State's motion later. After Davis testified, the district court directed both sides to submit written arguments and then issued a written order summarily dismissing Davis' motions. Davis timely appeals.

*Did the district court err in summarily dismissing Davis' K.S.A. 60-1507 motions?*

Davis first argues that the district court erred when it summarily dismissed his motions as untimely. He claims that his motions are timely but also contends that even if not, the district court should have considered the merits of the motions in order to prevent manifest injustice.

*Standard of Review*

A district court has three options when considering K.S.A. 60-1507 motions:

"'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented

requiring a full hearing. '[Citation omitted.]" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

Where, as here, the district court summarily dismisses a K.S.A. 60-1507 motion, we exercise de novo review. *Wahl v. State*, 301 Kan. 610, 614, 344 P.3d 385 (2015).

*One-Year Time Limit*

Davis argues that at least one of his K.S.A. 60-1507 motions is timely. Because Davis makes no argument that his 2009 K.S.A. 60-1507 motion was timely, we consider any such claim to be abandoned. See *State v. Boleyn,* 297 Kan. 610, Syl. ¶ 10, 303 P.3d 680 (2013) (issue not briefed on appeal is deemed waived and abandoned).

Davis contends that his 2007 motion was timely because his 2004 motion to correct an illegal sentence was in fact a direct appeal, and since the Supreme Court did not rule on that appeal until April 2007, his K.S.A. 60-1507 motion filed in June of 2007 was timely. Davis bases his argument on the fact that the phrase "direct appeal," as used in K.S.A. 60-1507(f), has not been defined.

The relevant subsection of that statute requires a K.S.A. 60-1507 motion to be brought within one year of the final order of the last state appellate court to hear the direct appeal or the termination of appellate jurisdiction. K.S.A. 60-1507(f)(1); see Kansas Supreme Court Rule 183(c)(4) (2015 Kan. Ct. R. Annot. 271) (providing the same time limitation).

Although the phrase "direct appeal" has not been specifically defined in Kansas, our caselaw makes clear that a motion to correct an illegal sentence is not a direct appeal. For example, in *Chestra v. State*, No. 97,195, 2007 WL 3275909 (Kan. App. 2007) (unpublished opinion), the defendant argued on appeal that the time for him to file his

3

second K.S.A. 60-1507 motion did not begin to run until the denial of his motion to correct an illegal sentence had been affirmed. This court clarified, however, that K.S.A. 60-1507(f) refers to a direct appeal, but a motion to correct an illegal sentence is a collateral attack. 2007 WL 3275909, at *2. And the Supreme Court, when ruling on Davis' motion to correct an illegal sentence, correctly noted that the very motion Davis now calls a "direct appeal" was a collateral attack. *Davis*, 283 Kan. at 770. We thus find no support for Davis' argument that his motion to correct an illegal sentence should be construed as a direct appeal, and we agree that his K.S.A. 60-1507 motions were untimely.

*Manifest Injustice Exception*

Davis next argues that even if both of his K.S.A. 60-1507 motions are untimely, the district court should have considered them in order to prevent manifest injustice. He claims that barring his motions as untimely is unfair because "direct appeal" is not defined; thus, the facts fail to conclusively show that he is not entitled to relief. Davis also mentions that he has raised potentially substantive issues in his motions.

If a K.S.A. 60-1507 motion is not filed within the 1-year time limitation, a district court may nonetheless consider the motion if doing so would "prevent a manifest injustice." K.S.A. 60-1507(f)(2). "Manifest injustice" can mean "'obviously unfair' or 'shocking the conscience.' [Citation omitted.]" *State v. Kelly*, 291 Kan. 868, 873, 248 P.3d 1282 (2011). We determine manifest injustice by considering the totality of the circumstances. *Vontress v. State*, 299 Kan. 607, 616, 325 P.3d 1114 (2014). In doing so, the nonexhaustive list of factors we consider is whether:

> "(1) the movant provides persuasive reasons or circumstances that prevented him or her
> from filing the 60-1507 motion within the 1-year time limitation; (2) the merits of the
> movant's claim raise substantial issues of law or fact deserving of the district court's

4

consideration; and (3) the movant sets forth a colorable claim of actual innocence, i.e., factual, not legal, innocence." 299 Kan. at 616.

We need not give each factor equal weight, and no one factor is dispositive. 299 Kan. at 616-17. The burden rests on the movant to make the required showing. 299 Kan. at 617.

Davis does not assert the third factor—actual innocence. Accordingly, we review the record to determine whether Davis has met his burden as to either of the other two factors.

### 1. Persuasive Reasons or Circumstances

The first *Vontress* factor is whether the movant provided persuasive reasons or circumstances that prevented him or her from filing the 60-1507 motion within the 1-year time limitation. Davis first argues that he tried to comply with the time limitations for K.S.A. 60-1507 motions. He questions how it would be fair to bar his motion in the absence of a definition of "direct appeal." But for the same reasons set forth above finding a motion to correct an illegal sentence is not a direct appeal, we find this argument unpersuasive. The caselaw is not reasonably confusing about that issue, and Davis has not presented a persuasive reason why he did not file his K.S.A. 60-1507 motion within the 1-year time limitation.

### 2. Substantial Issues of Law or Fact

The second *Vontress* factor is whether "the merits of the movant's claim raise substantial issues of law or fact deserving of the district court's consideration." 299 Kan. at 616. Davis briefly mentions that he raised "a number of potentially substantive issues in his motion." In his 2007 motion, Davis raised issues of severance, right to a speedy trial, insufficient evidence, multiplicity, improper amendment, lesser included instruction,

5

prosecutorial misconduct, ineffective assistance of trial counsel, ineffective assistance of appellate counsel, and cumulative error. Davis' 2009 motion challenged the constitutionality of Kansas' premeditation law.

We have refused to extend the 1-year time limitation when the movant's claims were vague and conclusory. See *Gamble v. State*, No. 110,965, 2014 WL 4435927, at *8 (Kan. App. 2014) (unpublished opinion), *rev. denied* 302 Kan. ___ (July 24, 2015). We have also found that a movant waives a manifest injustice claim by not addressing that issue on appeal. See *State v. Denney*, No. 110,336, 2015 WL 326432, at *8 (Kan. App. 2015) (unpublished opinion), *rev. denied* 302 Kan. ___ (August 20, 2015). Because the movant bears the burden of showing manifest injustice, the movant must provide sufficient argument in his or her appellate brief for this court to consider whether the claims raised in the movant's motion are meritorious. See *Bedford v. State*, No. 110,023, 2014 WL 3843097, at *4 (Kan. App. 2014) (unpublished opinion), *rev. denied* 302 Kan. ___ (July 21, 2015) ("Second, Bedford has not given factual information in his appellate brief that raises a substantial issue of law or fact deserving consideration.").

Having reviewed the record, we find that Davis fails to sufficiently argue manifest injustice on appeal. Davis did not cite *Vontress* in his brief, and the only mention of anything related to the second *Vontress* factor is a brief, conclusory statement about how his claims raise potentially substantive issues, particularly the ineffective assistance of counsel claims. Davis' argument for manifest injustice consists of only one page, yet he has raised 12 separate claims, with 22 grounds of ineffective assistance of counsel. It is neither required nor appropriate for this court to determine without any guidance from Davis whether some of those claims might have merit. See *State v. Kebert*, No. 112,287, 2015 WL 5458562, at *2 (Kan. App. 2015) (unpublished opinion) (finding "an appellate court cannot make arguments on behalf of the defendant"). Thus, Davis has failed to show that the merits of his claims raise substantial issues of law or fact deserving of the

district court's consideration. Accordingly, we find no error in the district court's conclusion that Davis failed to show manifest injustice.

Because we find the motion, files, and case records conclusively show the prisoner is entitled to no relief, we affirm the district court's summary dismissal of Davis' K.S.A. 60-1507 motions.

Affirmed.