RENDERED: SEPTEMBER 22, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0945-MR

CHRISTOPHER HILL                        APPELLANT

                   APPEAL FROM JEFFERSON CIRCUIT COURT
v.                    HONORABLE ANNIE O'CONNELL, JUDGE
                   ACTION NO. 08-CR-002027-002

COMMONWEALTH OF KENTUCKY             APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ACREE AND JONES, JUDGES.

JONES, JUDGE: Christopher Hill appeals from the Jefferson Circuit Court's order which denied his motion seeking relief pursuant to CR[1] 60.02. After reviewing the facts and the law, we affirm.

---

[1] Kentucky Rules of Civil Procedure.

# I. BACKGROUND

On June 26, 2008, Hill and two other individuals were in a vehicle when it was stopped by officers working for the Louisville Metro Police Department. At some point during the traffic stop, the officers discovered that these three individuals were on their way to meet with a narcotics dealer, they intended to rob the dealer, and they had brought along a handgun for that purpose. Further inquiries revealed that Hill was a convicted felon. As a result of this incident, the Jefferson County grand jury indicted Hill on one count of criminal conspiracy to first-degree robbery[2] and possession of a handgun by a convicted felon.[3]

Following his indictment, Hill entered plea negotiations with the Commonwealth. In exchange for Hill's guilty plea, the Commonwealth agreed to amend his charges to one count of facilitation to first-degree robbery[4] and one count of possession of a firearm by a convicted felon,[5] with a recommended concurrent sentence of two years served with the Department of Corrections. The

---

[2] Criminal conspiracy to first-degree robbery is classified under these facts as a Class C felony. *See* Kentucky Revised Statute (KRS) 515.020(2) and KRS 506.040(2)(c).

[3] KRS 527.040, a Class C felony.

[4] KRS 506.080(2)(a), a Class D felony.

[5] KRS 527.040. By amending the offense from possession of a *handgun* to possession of a *firearm*, the Commonwealth reduced this charge to a Class D felony.

Commonwealth also agreed to take no stance on shock probation.[6] Hill agreed to these terms. The trial court accepted the plea agreement and subsequently entered a written judgment of conviction and sentence conforming to its terms on September 9, 2008. Several months later, Hill filed a motion with the trial court requesting shock probation. Noting Hill's lack of a significant criminal record, the trial court granted this motion on March 27, 2009. Hill was released from prison and placed on supervised probation for the next five years.

The record reflects no further activity in this case for nearly thirteen years before arriving at the current matter on appeal. On March 23, 2022, Hill filed a motion pursuant to CR 60.02 to vacate his conviction for criminal facilitation to first-degree robbery. Hill's argument is somewhat rambling and discursive. He argues that the conviction pursuant to his guilty plea is illegal and void because facilitation could not be a lesser included offense to conspiracy as charged in his indictment; facilitation requires the defendant's absence of intent to promote or commit the crime, as well as a completed criminal offense. In contrast, Hill contends that his indictment charged him with conspiracy, which requires an intent to commit the crime, and the robbery in this case was never completed. He

---

[6] "Subject to the provisions of KRS Chapter 439 and Chapters 500 to 534, any Circuit Court may, upon motion of the defendant made not earlier than thirty (30) days nor later than one hundred eighty (180) days after the defendant has been incarcerated in a county jail following his conviction and sentencing pending delivery to the institution to which he has been sentenced, or delivered to the keeper of the institution to which he has been sentenced, suspend the further execution of the sentence and place the defendant on probation upon terms the court determines. . . ." KRS 439.265(1).

-3-

also asserts that, in accepting this plea, the trial court infringed on the prerogative of the General Assembly to define criminal offenses, violating the strong separation of powers outlined in the Kentucky Constitution. In sum, Hill argues that, because he pleaded guilty to an offense he could not have committed under the facts of his indictment, CR 60.02 was the appropriate vehicle to challenge what he viewed as an illegal conviction and sentence.

The trial court considered the motion and denied it in a brief opinion and order entered on June 30, 2022. As grounds, the trial court found Hill's motion alleges judicial error, and "CR 60.02 is not available to correct a judicial error[,]" quoting *Winstead v. Commonwealth*, 327 S.W.3d 479, 488 (Ky. 2010). Further, the trial court found that Hill's arguments went to the sufficiency of the evidence against him, and such arguments are excluded by the entry of Hill's voluntary guilty plea. Hill subsequently moved the trial court under CR 59.05 to alter or amend its judgment, which the trial court denied by its written order entered on September 9, 2022. This appeal followed.

## II. ANALYSIS

"We review the denial of a CR 60.02 motion for an abuse of discretion." *Diaz v. Commonwealth*, 479 S.W.3d 90, 92 (Ky. App. 2015) (citing *Partin v. Commonwealth*, 337 S.W.3d 639, 640 (Ky. App. 2010)). "The test for abuse of discretion is whether the trial judge's decision was arbitrary,

-4-

unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). "The burden of proof in a CR 60.02 proceeding falls squarely on the movant to affirmatively allege facts which, if true, justify vacating the judgment and further allege special circumstances that justify CR 60.02 relief." *Foley v. Commonwealth*, 425 S.W.3d 880, 885 (Ky. 2014) (internal quotation marks and citations omitted). "[W]e will affirm the lower court's decision unless there is a showing of some 'flagrant miscarriage of justice.'" *Id.* at 886 (quoting *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983)).

"[T]he general rule in this state is that an unconditional guilty plea waives all defenses except that the indictment does not charge a public offense." *Jackson v. Commonwealth*, 363 S.W.3d 11, 15 (Ky. 2012). Hill's essential argument is not that his indictment did not charge a public offense, but rather that his indictment, with the facts alleged therein, was inconsistent with the charges to which he pleaded guilty. We begin by agreeing with the trial court's primary basis for denying relief, which is that CR 60.02 is not an appropriate mechanism for the correction of a judicial error. In *Winstead*, the Kentucky Supreme Court explained that "CR 60.02 is a codification of the ancient common law writ of *coram nobis*[, and it] did not expand the scope of the writ of *coram nobis*." 327 S.W.3d at 487 (citations omitted). Additionally, the Supreme Court pointed out that "the writ of

*coram nobis* 'was aimed at correcting factual errors, not legal errors. . . .'" *Id.* at 488 (quoting *Leonard v. Commonwealth*, 279 S.W.3d 151, 161 (Ky. 2009)). On this basis, the Supreme Court reaffirmed precedent holding that CR 60.02 was not available to correct judicial errors. *Id.* Even if we were to assume that the trial court committed error in accepting Hill's guilty plea based on the grounds Hill describes, the error was judicial and may not be corrected here.

Furthermore, as in *Winstead*, we note here that Hill's motion for relief is inappropriate because he could have raised his issue previously.[7] "[R]elief under CR 60.02 is available only to resolve issues that could not have been raised at trial, on direct appeal, or by a motion for relief under RCr 11.42." *Id.* at 487 (internal quotation marks and footnote omitted); *see also Sanders v. Commonwealth*, 339 S.W.3d 427, 437 (Ky. 2011) (quoting *Gross*, 648 S.W.2d at 856) ("[CR 60.02] is not intended as merely an additional opportunity to raise claims which could and should have been raised in prior proceedings, but, rather, 'is for relief that is not available by direct appeal and not available under RCr[8] 11.42.'"). Hill's signed guilty plea form includes the following provision:

> (3) I have reviewed a copy of the indictment and told my
> attorney all the facts known to me concerning my

---

[7] Although the trial court did not consider this reasoning in its order, "it is well-settled that an appellate court may affirm a lower court for any reason supported by the record." *McCloud v. Commonwealth*, 286 S.W.3d 780, 786 (Ky. 2009).

[8] Kentucky Rules of Criminal Procedure.

charges. I believe he / she is fully informed about my case. We have fully discussed, and I understand, the charges and any possible defenses to them.

(Record (R.) at 14.) Hill either knew, or should have known, about any possible issue with his indictment at the time he entered his guilty plea. He also could have raised this issue in a timely RCr 11.42 motion, but he chose not to do so. "CR 60.02 . . . may be utilized only in extraordinary situations when relief is not available on direct appeal or under RCr 11.42." *Foley*, 425 S.W.3d at 884 (citing *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997)).

Nonetheless, Hill attempts to argue that this is a sentencing error, and our precedents hold that a void and unlawful sentence may be corrected at any time through a CR 60.02 motion, citing *Phon v. Commonwealth*, 545 S.W.3d 284 (Ky. 2018). Hill pays particular attention to the parts of *Phon* which explain how an illegal sentence violates the prerogatives of the General Assembly to determine the appropriate punishments for criminal violations. *Id.* at 303 (citing *Jones v. Commonwealth*, 319 S.W.3d 295, 299 (Ky. 2010)). However, *Phon* also states that an attack on an illegal sentence is not the same as an attack on the underlying conviction:

> [T]here is a fine distinction between a plea for relief from a conviction and relief through remedy of a sentence. In a Kansas Supreme Court case, the Court clarified that correction of an illegal sentence is distinct and separate from a collateral attack on a conviction. *State v. Davis*, 283 Kan. 767, 156 P.3d 665, 667 (2007) (quoting *State v.*

-7-

> *Nash*, 281 Kan. 600, 133 P.3d 836 (2006)).  Thus, even if
> CR 60.02 may not apply to judicial errors in attacking a
> conviction, this is separate and distinct.  It is a limited
> attack on the illegality of a sentence and the remedy is
> not reversal of a conviction, but correction of a sentence.

*Id*. at 305.

This latter portion of *Phon* is particularly applicable here, as Hill's argument is *not* grounded in the sentence he received, but rather that he was improperly convicted by pleading to an offense which was not consistent with his indictment.  However, we have multiple procedural rules stating that errors relating to a defendant's indictment do not result in the reversal of a conviction.  RCr 6.10(3) reads, in part, that "error in the citation or its omission shall not be ground for dismissal of the indictment or information or for reversal of a conviction if the error or omission did not mislead the defendant to his or her prejudice."  RCr 6.12 states, "[a]n indictment, information, complaint or citation shall not be deemed invalid, nor shall the trial, judgment or other proceedings thereon be stayed, arrested or in any manner affected by reason of a defect or imperfection that does not tend to prejudice the substantial rights of the defendant on the merits."  RCr 8.18 requires a defendant to raise alleged defects in an indictment before trial or it is considered to be waived.  Moreover, even though the Kentucky Constitution guarantees an individual's "absolute procedural due process right to be prosecuted by indictment[,]" this "is a personal privilege that may be waived." *Malone v.*

*Commonwealth*, 30 S.W.3d 180, 183 (Ky. 2000). Based on these considerations, if there was error regarding the inconsistency between Hill's indictment and the charges to which he pleaded guilty, he waived it when he entered his guilty plea over thirteen years ago.

Finally, it is important to remember that an overarching principle of CR 60.02 is toward the correction of errors resulting in a "flagrant miscarriage of justice." *Foley*, 425 S.W.3d at 886. Hill was initially charged with conspiracy to commit first-degree robbery and possession of a handgun by a convicted felon – both Class C felonies. If convicted on both counts, he could have faced up to twenty years in prison. Instead, Hill took a favorable plea of two years and barely served any of it, as he was granted shock probation after a few months. We cannot discern how Hill suffered any miscarriage of justice based on the facts of this case.

## III. CONCLUSION

For the foregoing reasons, we affirm the Jefferson Circuit Court's order denying relief pursuant to CR 60.02.

ALL CONCUR.

BRIEFS FOR APPELLANT:

J. Vincent Aprile II
Louisville, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Melissa A. Pile
Assistant Attorney General
Frankfort, Kentucky