No. 74,486

STATE OF KANSAS, *Appellee*, v. SHELDON K. NASH, *Appellant.*
932 P.2d 442

Opinion filed January 24, 1997.

*Reid T. Nelson*, assistant appellate defender, argued the cause, and *Steven R. Zinn*, deputy appellate defender, was with him on the brief for appellant.

*Steven J. Obermeier*, assistant district attorney, argued the cause, and *Carla J. Stovall*, attorney general, *Paul J. Morrison*, district attorney, and *Donald W. Hymer, Jr.*, assistant district attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: This is a direct appeal by the defendant, Sheldon K. Nash, from his convictions for aggravated robbery and felony murder. Nash was sentenced to life in prison for felony murder and given a concurrent sentence of 206 months in prison for the aggravated robbery conviction.

This case is a companion case to *State v. Aikins*, No. 74,582, filed this day. Nash and Aikins were charged as co-participants in the crimes at issue and were tried together. The facts surrounding the aggravated robbery and felony murder are set out in *State v. Aikins* and will not be set out in detail in this case except as may be necessary in discussing issues not raised and discussed in *State v. Aikins*.

Nash raises five issues on appeal. Three of them deal with jury instructions, one with voir dire, and one with evidence of gang membership.

## AIDING AND ABETTING INSTRUCTION

At trial, the State tried to prove that Nash was guilty of aggravated robbery because he aided and abetted Terrance Kelly in committing this crime. The following instruction regarding aiding and abetting was given:

"A person who, either before or during its commission, intentionally aids, abets, counsels, advises or assists another to commit a crime with intent to promote or assist in its commission is criminally responsible for the crime committed regardless of the extent of the defendant's participation, if any, in the actual commission of the crime." (Based on PIK Crim. 3d 54.05.)

Nash challenges this instruction because it did not inform the jury that it must find the elements of aiding and abetting beyond a reasonable doubt. Further, Nash challenges this instruction because it did not specifically set out the different elements of aiding and abetting a crime.

While Nash challenges this instruction on appeal, he did not object to the instruction at trial. Thus, the instruction is reversible error only if it is clearly erroneous. K.S.A. 22-3414(3). "An instruction is clearly erroneous . . . if the reviewing court reaches a firm conviction that if the trial error had not occurred there is a real possibility the jury would have returned a different verdict. [Citation omitted.]" *State v. Whitaker*, 255 Kan. 118, 125, 872 P.2d 278 (1994).

According to Nash, there is a real possibility that the aiding and abetting jury instruction, which was unclear as to the burden of proof to apply, could have affected the jury's verdict because the whole case focused on the question of aiding and abetting. There was no question in the trial that Terrance Kelly committed aggravated robbery and felony murder. The question was which of Kelly's associates, if any, were guilty of aiding and abetting the aggravated robbery. Since the instruction did not clarify to the jury that it must find the elements of aiding and abetting an aggravated robbery beyond a reasonable doubt, and since this ambiguity could have affected the outcome of the verdict, Nash contends that the instruction was clearly erroneous.

In response to Nash's argument, the State also points out:

"When reviewing challenges to jury instructions, the instructions are to be considered together and read as a whole without isolating any one instruction. If the instructions properly and fairly state the law as applied to the facts in the case, and if the jury would not reasonably have been misled by them, then the instructions do not constitute reversible error although they may be in some small way erroneous." *State v. Johnson*, 255 Kan. 252, Syl. ¶ 4, 874 P.2d 623 (1994).

Based on this rule, the State asserts that the aiding and abetting jury instruction should not be read in isolation but should be read together with the other jury instructions which were provided. The trial court also gave the jury a reasonable doubt instruction, which stated:

"The State has the burden with respect to each defendant to prove he is guilty. The defendant is not required to prove he is not guilty. You must presume he is not guilty unless you are convinced from the evidence that he is guilty.

"The test you must use with respect to each defendant in determining whether he is guilty or not guilty is this: If you have a *reasonable doubt* as to the truth of any of the claims made by the State, you must find the defendant not guilty. If you have *no reasonable doubt* as to the truth of any of the claims made by the State, you should find the defendant guilty." (Emphasis added.) (Based on PIK Crim. 3d 52.02.)

According to the State, if the aiding and abetting jury instruction and the reasonable doubt jury instruction are considered together and read as a whole, then it is clear that the jury was instructed it must find all of the elements of aiding and abetting an aggravated robbery beyond a reasonable doubt before it could find Nash guilty of the crime.

Nash tries to rebut this argument. Nash asserts that the reasonable doubt jury instruction does not refer to the aiding and abetting jury instruction, nor does it require that the elements of aiding and abetting be proven beyond a reasonable doubt. Instead, according to Nash, all the reasonable doubt jury instruction does is require the jury to find that the State's *"claims"* are proven beyond a reasonable doubt. As Nash points out, the term "claims" is also used in the felony-murder jury instruction, which provides:

"Each defendant is charged with the crime of felony murder in the first degree. The defendant pled not guilty.

"To establish this charge, each of the following *claims* must be proved with respect to each defendant:

"1. That the defendant killed Gene Martin;

"2. That such killing was done while in the commission of aggravated robbery;

"3. That this act occurred on or about September 7, 1994, in Johnson County, Kansas." (Based on PIK Crim. 3d 56.02.)

The elements of aggravated robbery were instructed on as follows:

"1. That the defendant intentionally took property from the presence of Gene Martin;

"2. That the taking was by force;

"3. That the defendant inflicted bodily harm on Gene Martin in the course of such conduct; and

"4. That this act occurred on or about the 7th day of September, 1994, in Johnson County, Kansas." (Based on PIK Crim. 3d 56.31.)

While the felony-murder instruction refers to "claims," the aiding and abetting instruction at issue does not refer to "claims." Thus, Nash contends that if the jury instructions are read together, it appears that the reasonable doubt instruction applies to the felony-murder instruction, because both refer to "claims," but that the reasonable doubt instruction does not apply to the aiding and abetting instruction, as this instruction does not refer to "claims." Since the aiding and abetting instruction did not use the word "claims" when discussing the elements of aiding and abetting a crime, Nash reasons that the jury did know it should refer back to the reasonable doubt instruction to determine which standard of proof it should use in evaluating the elements. Thus, Nash asserts that the jury had no way to know that the elements of aiding and abetting must be proven beyond a reasonable doubt.

We disagree with Nash. We do not think that a reasonable jury, which read all the instructions together, would conclude that the felony-murder charge must be proven beyond a reasonable doubt, but that the charge of aggravated robbery, through aiding and abetting, does not have to be proven beyond a reasonable doubt. This is especially true because the jury instruction for aggravated robbery used the word "claims." Thus, through the use of this word in the aggravated robbery instruction, the jury would have looked to the reasonable doubt standard, which also used the word "claims," and realized that the elements of the aggravated robbery

crime must be proven beyond a reasonable doubt before it could find Nash guilty of the crime. In any event, "claims" and "elements" are interchangeable, and while we do not approve of a lack of consistency, it is not reversible error to interchange the two.

Finally, Nash contends that the aiding and abetting instruction is clearly erroneous because it does not specifically set out the different elements of aiding and abetting a crime. It is true that the aiding and abetting instruction at issue here does not specifically set out the elements of aiding and abetting a crime. However, the facts that the State must show in order to prove that a defendant is guilty of aiding and abetting a crime are clear from the instruction, regardless of whether they are separately set out. A defendant must intentionally aid, abet, counsel, advise, or assist another to commit a crime. This aiding must occur before or during the commission of the crime. A defendant must have the intent to promote or assist in the commission of the crime when the defendant provides assistance. If all of this is proven, then the defendant is criminally responsible for the crime committed regardless of the extent of the defendant's actual participation in the commission of the crime. The aiding and abetting instruction is proper, even though the elements of aiding and abetting a crime are not separately set out in the instruction.

## GANG MEMBERSHIP

Nash's codefendant at trial, Aikins, also raised this issue in his separate appeal. We have decided this issue in *State v. Aikins* adversely to Nash.

## VOIR DIRE

Nash's codefendant at trial, Aikins, also raised this issue in his separate appeal. We have decided this issue in *State v. Aikins* adversely to Nash.

## REASONABLE DOUBT INSTRUCTION

Jury Instruction No. 7, patterned after PIK Crim. 3d 52.02, provided:

"The State has the burden with respect to each defendant to prove he is guilty. The defendant is not required to prove he is *not guilty*. You must presume that he is *not guilty* unless you are convinced from the evidence that he is guilty.

"The test you must use with respect to each defendant in determining whether he is guilty or *not guilty* is this: If you have a reasonable doubt as to the truth of any of the *claims* made by the State, you must find the defendant *not guilty*. If you have no reasonable doubt as to the truth of any of the *claims* made by the State, you should find the defendant guilty." (Emphasis added.)

Nash challenges this instruction on appeal. However, he did not object to this instruction at trial. Thus, the instruction is reversible error only if it is clearly erroneous. K.S.A. 22-3414(3). "An instruction is clearly erroneous only if the reviewing court reaches a firm conviction that if the trial error had not occurred there is a real possibility the jury would have returned a different verdict. [Citation omitted.]" *State v. Whitaker*, 255 Kan. at 125.

Nash contends that the instruction is clearly erroneous because it states that a defendant is presumed "not guilty" instead of presumed "innocent." Based on this choice of words, Nash reasons, the instruction dilutes his statutory presumption of innocence and diminishes the State's burden of proving him guilty beyond a reasonable doubt.

Nash further argues that Instruction No. 7 is clearly erroneous because it requires the jurors to determine if they have reasonable doubt as to the truth of the "claims made by the State" instead of requiring the jurors to determine if they have reasonable doubt as to the specific elements of the offenses. Nash contends that the instruction, using the phrase "claims made by the State," is confusing and allows the jury to make a finding of guilt on factors other than the elements of the offenses, thereby violating his due process rights.

We have recently decided this issue contrary to the defendant's position in *State v. Baacke*, No. 74,877, decided this date, and *State v. Pierce*, 260 Kan. 859, 867-71, 927 P.2d 929 (1996). We will not analyze the issue again in this case. The trial court did not err in using the term "not guilty" and the phrase "claims made by the State" in Jury Instruction No. 7.

Affirmed.