No. 93,575

STATE OF KANSAS, *Appellee*, v. SHELDON K. NASH, *Appellant*.

(133 P.3d 836)

Opinion filed April 28, 2006.

*Steven J. Obermeier*, assistant district attorney, argued the cause, and *Paul J. Morrison*, district attorney, and *Phill Kline*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

McFARLAND, C.J.: Sheldon K. Nash filed a pro se motion to correct an illegal sentence under K.S.A. 22-3504(1). The district court denied relief and defendant appeals therefrom.

## BACKGROUND

Defendant's convictions and sentences were affirmed by this court in his direct appeal in *State v. Nash*, 261 Kan. 340, 932 P.2d 442 (1997). Defendant and his codefendant, Robert Aikins, were tried together in a joint trial. Aikins' convictions and sentences were affirmed by this court in his direct appeal in *State v. Aikins*, 261 Kan. 346, 932 P.2d 408 (1997). The facts are set forth in detail in the *Aikins* opinion and referenced thereto in the *Nash* opinion. Highly summarized, in 1994 the defendant, Aikins, and Terence Kelly drove to a liquor store with the intent to commit a robbery. Kelly went into the store with a shotgun. He took money from the register and shot and killed Gene Martin. He then returned to the vehicle and the three men drove away. In 1995, the defendant was convicted in a trial by jury of felony murder and aggravated rob-

bery. He received a life sentence and a concurrent sentence of 206 months for the crimes, respectively.

## ISSUE PRESENTED

The defendant bases his claim of illegal sentence on his assertion that the aggravated robbery count of the complaint was defective in two respects: (1) He was charged with taking property only from the "presence" of another rather than from the "person or presence" of another; and (2) he was charged with inflicting bodily harm during the course of the robbery rather than charged as "armed with a dangerous weapon or [inflicting] bodily harm upon any person in the course of such robbery" as required by K.S.A. 21-3427.

## STANDARD OF REVIEW

This is an appeal from the district court's summary denial of the defendant's pro se motion to correct an illegal sentence filed under K.S.A. 22-3504(1). The question whether a sentence is illegal is a question of law over which this court has unlimited review. *State v. Walker*, 277 Kan. 849, Syl. ¶ 1, 89 P.3d 920 (2004).

## ILLEGAL SENTENCE STATUTE

Before consideration of the issue on its merits, we must first determine whether a motion to correct an illegal sentence is the appropriate vehicle for the defendant's claim that the complaint was defective.

An illegal sentence under K.S.A. 22-3504(1) is "a sentence imposed by a court without jurisdiction, a sentence which does not conform to the statutory provision, either in the character or the term of the punishment authorized, or a sentence which is ambiguous with respect to the time and manner in which it is to be served." *State v. Gayden*, 281 Kan. 290, Syl. ¶ 1, 130 P.3d 108 (2006). The relief available under the statute is correction of a sentence, rather than reversal of a conviction.

The district court denied the motion on the merits. Neither the district court nor the parties have addressed whether or not the relief sought was available under K.S.A. 22-3504.

The defendant herein is seeking reversal of his conviction of aggravated robbery as opposed to correction of the sentence imposed on the conviction. In essence, the defendant is seeking to use the correction of an illegal sentence statute as the vehicle for a collateral attack on a conviction. Such relief is not available under K.S.A. 22-3504.

The district court should have denied relief on the basis that the only relief sought was not available under the statute. However, where the trial court reaches the right result, it will not be reversed even though its reasoning was not correct. *State v. Graham*, 277 Kan. 121, 133, 83 P.3d 143 (2004).

The district court correctly denied relief although for the wrong reason.

Affirmed.