NOT DESIGNATED FOR PUBLICATION

No. 118,494

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MONTY C. ROGERS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Montgomery District Court; GARY R. HOUSE, judge. Opinion filed April 26, 2019. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., PIERRON and MALONE, JJ.

PER CURIAM: Marty Carl Rogers appeals the district court's denial of his motion to correct an illegal sentence. Rogers pled no contest to aggravated criminal sodomy and, under Jessica's Law, he received a sentence of life imprisonment without parole for 25 years. Rogers argues that his sentence is illegal because the record does not reflect that he was 18 years of age or older when he committed the offense and because the record does not reflect that he waived his constitutional right to have a jury determine this element of his offense. For the reasons stated in this opinion, we affirm the district court's judgment.

1

In 2009, the State charged Rogers with two counts of aggravated criminal sodomy. Count one alleged that Rogers "intentionally engage[d] in oral sodomy with AY . . . , a child under 14 years of age, and the offender Monty Carl Rogers was 18 years of age or older." Count two included the same language except that the alleged victim was T.M.W. . . . Rogers agreed to plead no contest to count two in exchange for dismissal of count one. He signed an acknowledgement of rights form that explained that by entering a no-contest plea, he was giving up his right to require the State to prove the charges against him and his right to a jury trial. The form also stated that Rogers' sentence for the crime would be "life" imprisonment.

At his plea hearing in April 2010, Rogers stated that he had signed the plea documents; that he was not under the influence of alcohol or drugs; that no one had threatened, promised, or coerced him in any way to enter into the plea agreement; and that he had fully discussed the charge with his attorney. Rogers also acknowledged that he understood he was giving up many rights, including the right to a trial by jury and the right to require the State to prove he was guilty beyond a reasonable doubt. The prosecutor stated a factual basis for the plea:

> "The State's evidence would show that on August 18th, 2009, within Montgomery County, Kansas, that the Defendant being 18 years of age or older engaged in oral sodomy with TMW . . . . We would rely on the terms of exact elements of oral sodomy on the information set forth in the Probable Cause Affidavit."

In July 2010, the district court sentenced Rogers to life imprisonment with a mandatory minimum term of not less than 25 years and lifetime postrelease supervision. On direct appeal, the Kansas Supreme Court affirmed Rogers' hard 25 life sentence, but vacated his lifetime postrelease supervision, noting that the applicable statute called for lifetime parole. See *State v. Rogers*, 297 Kan. 83, 93, 298 P.3d 325 (2013).

2

On April 6, 2016, Rogers filed a pro se motion to correct illegal sentence. In the motion, he argued that the sentencing court lacked jurisdiction to impose the sentence because the record does not reflect that he was 18 years of age or older when he committed the offense and because the record does not reflect that he waived his right to have a jury determine this element of his offense. The motion also noted that Rogers did not admit his age as an element of the offense because he pled no contest to the charge. The district court appointed counsel to represent Rogers on the motion.

The district court held a hearing on the motion on August 11, 2016. After hearing from counsel, the district court denied Rogers' motion to correct illegal sentence, stating:

> "I'm going to find that the Complaint specifically set out that the victim was under 14 years of age and the Complaint specifically set out that the Defendant was at least 18 years of age at the time of the offense. I'll find that at the plea hearing the factual basis was given which encompassed the original Complaint, and—and I found that there was a factual basis, and I accepted the plea of Mr. Rogers and found him guilty . . . . So I'm going to deny his [motion]."

The district court filed a journal entry denying Rogers' motion on August 18, 2016. Rogers timely filed a notice of appeal. The appeal was not docketed with this court until October 31, 2017.

On appeal, Rogers renews his claim that his sentence is illegal because the record does not reflect that he was 18 years of age or older when he committed the offense and because the record does not reflect that he waived his constitutional right to have a jury determine this element of his offense, nor did he admit his age when he pled no contest. As a result, Rogers claims the district court lacked jurisdiction to impose his sentence.

The State argues that the district court properly denied Rogers' motion to correct his sentence, as the record reflects that he was over the age of 18 when he committed the

3

aggravated criminal sodomy. The State also argues that the record reflects that Rogers waived his right to have a jury make this finding by entering his no-contest plea.

Whether a sentence is illegal under K.S.A. 22-3504 is a question of law over which an appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). Likewise, an appellate court applies a de novo standard of review over a district court's denial of a motion to correct an illegal sentence. *Makthepharak v. State*, 298 Kan. 573, 577, 314 P.3d 876 (2013).

An illegal sentence is a sentence "[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced." K.S.A. 2018 Supp. 22-3504(3); see *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015). The court may correct an illegal sentence at any time. K.S.A. 2018 Supp. 22-3504(1).

Rogers' claim fails mainly because a motion to correct illegal sentence is not the proper tool for him to bring his claims. By claiming that the record does not reflect that he was 18 years of age or older when he committed the offense, Rogers is essentially attacking his conviction instead of his sentence. When the relief sought by a defendant is the reversal of a conviction rather than the correction of an illegal sentence, K.S.A. 22-3504 is unavailable as a vehicle to obtain that relief. See *State v. Nash*, 281 Kan. 600, Syl. ¶ 2, 133 P.3d 836 (2006). In *Nash*, the defendant filed a motion to correct illegal sentence and argued that his aggravated robbery conviction was invalid because the complaint was fatally defective. In affirming the district court's denial of the motion, our Supreme Court stated: "In essence, the defendant is seeking to use the correction of an illegal sentence as the vehicle for a collateral attack on his conviction. Such relief is not available under K.S.A. 22-3504." 281 Kan. at 602.

Similarly, our Supreme Court has expressly ruled that the definition of an illegal sentence does not include a claim that the sentence violates a constitutional provision and a defendant may not file a motion to correct an illegal sentence based on a constitutional challenge to his or her sentence. *State v. Warrior*, 303 Kan. 1008, 1010, 368 P.3d 1111 (2016). K.S.A. 22-3504(1) has very limited applicability and it does not cover a claim that a sentence violates a constitutional provision. 303 Kan. at 1010.

Even if a motion to correct an illegal sentence would be a proper tool for Rogers to bring his claims, the record reflects that his claims lack merit. Rogers claims that his life sentence is illegal because the record does not reflect that he was 18 years of age or older when he committed the offense. But the complaint itself alleged that Rogers was over 18 when he committed the offense. At the plea hearing, Rogers waived his right to have a jury trial to prove this element of the offense. The State provided a factual basis for the plea that showed that Rogers was at least 18 years old when he committed the offense. Roger signed an acknowledgement of rights form that expressly stated that his sentence for the crime would be life imprisonment.

Finally, Rogers' brief asserts an alternative argument that his motion to correct an illegal sentence should have been broadly construed as a motion to withdraw his plea. He develops no argument to support this claim. He also acknowledges that such a motion would have been untimely with no showing of excusable neglect to extend the deadline. This argument is being raised for the first time on appeal with no attempt to comply with Supreme Court Rule 6.02(a)(5) (2019 Kan. S. Ct. R. 34). Issues not raised before the district court generally cannot be raised on appeal. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). Moreover, a point raised incidentally in a brief and not argued therein is deemed abandoned. *State v. Sprague*, 303 Kan. 418, 425, 362 P.3d 828 (2015).

Affirmed.