NOT DESIGNATED FOR PUBLICATION

No. 119,920

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEPHEN A. MACOMBER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed August 2, 2019. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant, and *Stephen A. Macomber*, appellant pro se.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., MALONE, J., and STEVEN E. JOHNSON, District Judge, assigned.

PER CURIAM: Stephen A. Macomber appeals from the district court's summary denial of his motion to correct an illegal sentence nearly three decades after a mandate was issued in his direct appeal. Macomber contends in this appeal that the district court prematurely dismissed his motion. Although he was over 18 years of age at the time he committed the crimes that are the subject of this case, he argues that the district court did not have jurisdiction in this case because of a prior juvenile adjudication. For the reasons set forth in this opinion, we affirm the district court's decision.

1

FACTS

A jury convicted Macomber of four counts of aggravated robbery and one count of aggravated battery in 1987. These offenses were committed in August and September 1985. At the time, Macomber—who was born on April 7, 1967—was 18 years old. He was sentenced to a controlling term of 38 to 100 years' imprisonment. On March 3, 1989, the Kansas Supreme Court affirmed Macomber's convictions and sentence. *State v. Macomber*, 244 Kan. 396, 408, 769 P.2d 621 (1989).

Previously, Macomber had been adjudicated a juvenile offender for unrelated offenses. On April 10, 1984, the district court placed him "in the custody of the State Secretary of Social and Rehabilitation Services . . . for placement in an appropriate setting other than the home of the parents." Several months later, he was sent to the Youth Center in Topeka. On April 30, 1985, Macomber received a conditional release from the Youth Center.

On August 26, 1993, Macomber filed a "Motion for Hearing Regarding Conversion of Sentence Under Kansas Sentencing Guidelines Act" requesting a new sentence. The district court issued an order on October 4, 1993, denying the motion. On appeal, a panel of this court affirmed the district court's decision. *State v. Macomber*, No. 70,618, unpublished opinion filed June 10, 1994.

In 1995, Macomber filed a K.S.A. 60-1507 motion. The district court denied the motion and Macomber appealed to this court. On July 31, 1998, the district court's decision was affirmed. *Macomber v. State*, No. 77,699, 963 P.2d 445 (Kan. App. 1998) (unpublished opinion).

On May 23, 2017, Macomber filed the "Motion to Correct Illegal Sentence" that is the subject of this appeal. In his motion, Macomber argued that the district "court lacked jurisdiction to a juvenile offender as an adult" because:

"1. At the time of the alleged offenses . . . [Macomber] was a juvenile under the age of 21, who had not been discharged by the court, nor discharged under the provisions of K.S.A. 38-1675 in case no. 84 JV 42.

"2. Because [Macomber] was a juvenile offender the proceedings in the present case were governed by the Kansas Juvenile Offender Code. See K.S.A. 38-1604(a).

"3. The defendant never received an adjudication hearing prior to being prosecuted as an adult, nor did he have an attorney appointed to represent him regarding these matters as required by statute. See K.S.A. 38-1606; K.S.A. 38-1636; and K.S.A. 38-1655."

In its response, the State pointed out that Macomber was not:

"merely seeking to have his sentence corrected. He is seeking to have it vacated along with the underlying convictions. This collateral attack on his convictions is not permitted under K.S.A. 22-3504, as our Supreme Court has held that the correction-of-an-illegal-sentence statute may not be used as the vehicle for a collateral attack on a conviction."

The district court summarily denied Macomber's motion on July 21, 2017. In doing so, the district court found that "the [defendant] does not seek to have his sentence corrected, but rather seeks to have it vacated along with his underlying convictions. A motion pursuant to K.S.A. 22-3504 cannot be used as a vehicle for a collateral attack on a conviction. *State v. Nash*, 281 Kan. 600, 602[, 133 P.3d 836] (2006)." The district court also determined that no hearing or oral argument was necessary because the issue could be decided as a matter of law.

Thereafter, Macomber timely appealed. Although his attorney filed a brief on his behalf, Macomber filed a motion to file a supplemental brief. This motion was granted and he filed a supplemental brief on March 28, 2019.

3

On appeal, Macomber contends that the district court erred when it denied his motion to correct illegal sentence. He argues that he:

"had not been discharged by the court nor under K.S.A. 38-1675 in 84 JV 42, [and] he was therefore subject to the jurisdiction of the juvenile justice code and was therefore a juvenile offender at the time of the prosecution . . . and . . . not subject to the jurisdiction of the court for conviction and sentencing."

In his supplemental brief, Macomber further argues, "[a]t the time of the charging of the alleged crimes, [he] was defined by statute as a juvenile offender and the district court's jurisdiction was governed by the provisions of the Kansas Juvenile Offender Code."

In response, the State contends that regardless of whether Macomber is seeking to collaterally attack his convictions, his "underlying premise that he was a juvenile offender because he was 'under the age of 21' when he committed the offenses in this case is without merit." The State points to the plain language of K.S.A. 1985 Supp. 38-1602. In particular, K.S.A. 1985 Supp. 38-1602(a) defined the term "juvenile" as "a person 10 or more years of age but *less than 18 years of age*." (Emphasis added.) Likewise, K.S.A. 1985 Supp. 38-1602(b) defined the term "[j]uvenile offender" as "a person *who does an act while a juvenile* which if done by an adult would constitute the commission of a felony or misdemeanor . . . ." (Emphasis added.)

Whether a sentence is illegal within the meaning of K.S.A. 2017 Supp. 22-3504 is a question of law over which appellate courts have unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). When a district court summarily denies a motion to correct illegal sentence, this court applies a de novo standard of review. This is because the reviewing court has the same access to the motion, records, and files as the district

court. *State v. Gray*, 303 Kan. 1011, 1013-14, 368 P.3d 1113 (2016). Moreover, the interpretation of a statute is also a question of law over which appellate courts have unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

K.S.A. 2017 Supp. 22-3504 states in relevant part:

"(1) The court may correct an illegal sentence at any time. The defendant shall receive full credit for time spent in custody under the sentence prior to correction. *Unless the motion and the files and records of the case conclusively show that the defendant is entitled to no relief*, the defendant shall have a right to a hearing, after reasonable notice to be fixed by the court, to be personally present and to have the assistance of counsel in any proceeding for the correction of an illegal sentence.

. . . .

"(3) 'Illegal sentence' means a sentence:  Imposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced. A sentence is not an 'illegal sentence' because of a change in the law that occurs after the sentence is pronounced." (Emphasis added) K.S.A. 2017 Supp. 22-3504(1), (3).

Based on our review of the record, we agree with the district court that Macomber is attempting to use a motion to correct illegal sentence to collaterally attack his convictions. Although he recognizes "that K.S.A. 22-3504 is not a proper vehicle from which to attack a conviction," he suggests that he is actually challenging his sentence. We disagree and conclude that Macomber's motion to correct an illegal sentence is not a proper vehicle to attack his convictions. See *State v. Robertson*, 309 Kan. 602, 605, 439 P.3d 898 (2019) (A motion to correct an illegal sentence is not an appropriate vehicle to reverse a conviction); see also *State v. Nash*, 281 Kan. 600, 601, 133 P.3d 836 (2006)

5

("The relief available under the statute is correction of a sentence, rather than reversal of a conviction.").

Moreover, even if a motion to correct an illegal sentence was a proper vehicle in which to assert his claim that the district court lacked jurisdiction under the criminal code, we find this argument to lack merit. It is undisputed that Macomber was 18 years old at the time he committed the crimes in August and September 1985. As such, based on the unambiguous language of K.S.A. 1985 Supp. 38-1602(a), he was not a "juvenile" when he committed these crimes. In turn, based on the unambiguous language of K.S.A. 1985 Supp. 38-1602(b), he was not a "juvenile offender" when he committed these crimes. Accordingly, as a matter of law, Macomber was an adult when he committed the crimes for which he was convicted in this case.

We find Macomber's reliance on K.S.A. 1985 Supp. 38-1675 to be misplaced. On its face, that statute has nothing to do with whether he was an adult at the time he committed the crimes in this case. Rather, K.S.A. 1985 Supp. 38-1675 simply addressed how long Macomber could be subject to supervision as a juvenile in his prior and unrelated juvenile case. In addition, we note that K.S.A. 1985 Supp. 38-1675 was applicable to "any obligations imposed on the juvenile offender arising *from the offense for which the juvenile offender was committed*." (Emphasis added.) Thus, the statute dealt with his prior juvenile adjudication and was not applicable to the present criminal case.

Because the files and records in this case conclusively show that Macomber was not entitled to relief on his motion to correct illegal sentence, we conclude that the district court did not error in summarily dismissing the motion.

Affirmed.

6