IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 124,134

STATE OF KANSAS,
*Appellee*,

v.

HARVEY L. ROSS JR.,
*Appellant*.

SYLLABUS BY THE COURT

1.

K.S.A. 22-3201 cannot be used as a procedural vehicle to bring a cause of action; instead, the statute merely sets out the requirements for a charging document.

2.

Defective complaint claims are not properly raised in a motion to correct an illegal sentence under K.S.A. 22-3504.

Appeal from Sedgwick District Court; TYLER J. ROUSH, judge. Opinion filed June 10, 2022. Affirmed.

*Sam S. Kepfield*, of Sam Kepfield Law Offices, of Hutchinson, was on the brief for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

STANDRIDGE, J.:  Harvey L. Ross Jr. appeals the district court's denial of his post-conviction request to reverse his conviction based on allegations that the trial court did not have subject matter jurisdiction over his criminal proceedings. Because Ross fails to identify a timely, unexhausted, and proper procedural vehicle for presenting his subject matter jurisdiction challenge to the court, we affirm the district court's denial of his claim.

FACTS

In 2004, a jury convicted Ross of first-degree murder, attempted first-degree murder, and criminal possession of a firearm. The district court sentenced Ross to life imprisonment for first-degree murder; 586 months for attempted first-degree murder, to run concurrent; and 9 months for criminal possession of a firearm, to run consecutive. Ross appealed his conviction, and we affirmed. *State v. Ross*, 280 Kan. 878, 889, 127 P.3d 249 (2006).

Ross has continued to seek relief through several postconviction motions. See *Ross v. State*, No. 103,369, 2011 WL 3444314 (Kan. App. 2011) (unpublished opinion) (affirming denial of K.S.A. 60-1507 motion); *Ross v. Heimgartner*, No. 12-3085-SAC, 2013 WL 1149981 (D. Kan. 2013) (unpublished opinion) (order denying federal habeas relief).

In 2021, Ross filed a pro se motion captioned "Informational defect/Lack of Jurisdiction under K.S.A. 22-3201(b)(c)(e)(f)(g)(e)." Relevant to this appeal, he argued the criminal complaint filed by the State "failed to confer subject matter jurisdiction on the trial court" because the complaint failed to state essential facts constituting each of

2

the charged offenses. Ross argued these alleged defects required his convictions to be reversed. Ross also requested the appointment of an attorney.

The district court reviewed Ross' subject matter jurisdiction claim on the merits but denied his request for relief:

> "Defendant's claim fails because his only claim relating to subject matter jurisdiction is that the charging document is defective. But, '[c]harging documents do not bestow or confer subject matter jurisdiction on state courts to adjudicate criminal cases; the Kansas Constitution does. Charging documents need only show that a case has been filed in the correct court, *e.g.*, the district court rather than municipal court; show that the court has territorial jurisdiction over the crime alleged; and allege facts that, if proved beyond a reasonable doubt, would constitute a Kansas crime committed by the defendant.' *State v. Dunn*, 304 Kan. 773, 811, 375 P.3d 332, 355-56 (2016).

> "Furthermore, the claim that the charging document did not contain enough information to satisfy due process also fails. 'The plain language of K.S.A. 22-3201(b) is relatively clear:  A charging document shall state "essential facts" constituting the crime charged, and the document "shall be deemed sufficient" if it is "drawn in the language of the statute." The statute's emphasis on "facts" rather than "elements" is repeated in other related statutes and legally significant.'" *Dunn*, 304 Kan. at 811.

> "In this case, the charging document adequately stated the elements of the crimes of conviction. The District Court had subject matter jurisdiction, so this claim fails."

Ross timely appealed.

## ANALYSIS

Although our analysis differs from that provided by the district court, we affirm the decision to deny Ross the relief he seeks. Unlike the district court, we decline to

address the merits of Ross' challenge to the district court's subject matter jurisdiction because Ross fails to identify a timely, unexhausted, and proper procedural vehicle for presenting his challenge to the court.

In his motion, Ross cites K.S.A. 22-3201 to argue the criminal complaint filed by the State failed to confer subject matter jurisdiction on the district court. But Ross readily acknowledges in his appellate brief that K.S.A. 22-3201 cannot be used as a procedural vehicle to bring a cause of action; instead, the statute merely sets out the requirements for a charging document. Ross also did not request his pleading be construed as a K.S.A. 60-1507 motion. Indeed, such a motion would have been procedurally barred as untimely and successive. See *State v. Robertson*, 309 Kan. 602, 608-09, 439 P.3d 898 (2019). And Ross acknowledges his pleading would not have been timely if treated as a motion for arrest of judgment under K.S.A. 2020 Supp. 22-3502. Finally, although Ross frames the issue on appeal as one alleging the district court erred in summarily denying his motion to correct an illegal sentence, we have repeatedly emphasized a motion to correct an illegal sentence is not an appropriate vehicle to reverse a conviction based on a defective charging document. See *Robertson*, 309 Kan. at 605-06 (citing *State v. Trotter*, 296 Kan. 898, 902, 295 P.3d 1039 [2013]); *State v. Deal*, 286 Kan. 528, 530, 186 P.3d 735 (2008). "The relief available under the statute is correction of a sentence, rather than reversal of a conviction." *Robertson*, 309 Kan. at 605-06 (citing *State v. Nash*, 281 Kan. 600, 601, 133 P.3d 836 [2006]).

Because Ross fails to identify a timely, unexhausted, and proper procedural vehicle for presenting his subject matter jurisdiction challenge to the court, we affirm the district court's denial of his claim.

Affirmed.