NOT DESIGNATED FOR PUBLICATION

No. 126,159

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTHONY DAVID SAUNDERS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE BROWN, judge. Submitted without oral argument. Opinion filed February 6, 2026. Appeal dismissed.

*Elizabeth Seale Cateforis*, of Paul E. Wilson Project for Innocence and Post Conviction Remedies, of Lawrence, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., ARNOLD-BURGER and PICKERING, JJ.

PER CURIAM: Anthony David Saunders appeals from the district court's denial of Saunders' motion to set aside and dismiss Saunders' criminal threat conviction. Saunders claims: (1) *State v. Boettger*, 310 Kan. 800, 450 P.3d 805 (2019), makes his 2003 criminal threat conviction unconstitutional; and (2) his rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), were violated when the district court made a finding that his crime was sexually motivated, requiring him to register under the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 et seq. After review, we find that Saunders does not have a procedural vehicle for his claims

and, because KORA registration requirements are not punishment, *Apprendi* does not apply. We therefore dismiss his appeal.

FACTUAL AND PROCEDURAL BACKGROUND

In 2003, Saunders pled no contest to felony criminal threat and two misdemeanors, endangering a child and battery. The State's factual basis was that Saunders threatened to commit violence against J.S., a juvenile, by threatening to kill J.S.; allowed J.S. and his friends to shoot BB guns inside his apartment; and kicked J.S.

At sentencing, the district court, relying in part on the police affidavit, determined that the crime was sexually motivated and ordered Saunders to register as a sexual offender. The police affidavit and preliminary hearing testimony of J.S. stated that Saunders threatened to kill J.S. after J.S. refused to perform oral sex on Saunders. Saunders did not object to the district court's sexually motivated finding.

The district court imposed a prison sentence of 12 months with a consecutive jail sentence of 6 months but suspended the sentence and granted Saunders probation so long as Saunders complied with certain conditions. The district court also ordered Saunders to register as a sex offender.

Saunders directly appealed his sentence and argued that the district court erred by ordering him to register as a sexual offender. More specifically, Saunders challenged the district court's finding that the crime was sexually motivated. Another panel of this court affirmed the district court's sexually motivated finding because substantial competent evidence supported the district court's ruling. *State v. Saunders*, No. 91,136, 2004 WL 2160942, at *1 (Kan. App. 2004) (unpublished opinion). The Kansas Supreme Court denied Saunders' petition for review on January 27, 2005, and the mandate issued on January 31, 2005.

On December 31, 2022, Saunders moved to set aside the judgment and to dismiss the case for lack of jurisdiction. In the motion, Saunders argued that the district court's finding that his conviction was sexually motivated violated *Apprendi* because the district court at sentencing, rather than the fact-finder at trial, determined the crime was sexually motivated, and the district court did not make specific factual findings. He also argued that the statute under which he was convicted for criminal threat was held unconstitutional in *State v. Boettger*, 310 Kan. 800, 450 P.3d 805 (2019). He claimed this implicated subject matter jurisdiction, which could be raised at any time.

The district court held a hearing on the motion. Both the State and defense counsel agreed that *Apprendi* was never mentioned in the mandate, and thus it was assumed that the *Apprendi* issue was not reviewed by the appellate courts. The State also pointed out to the district court that Saunders' direct appeal had been finalized since January 2005, over 14 years before *Boettger* was decided in 2019. Consequently, the State claims the ruling from *Boettger* "doesn't help [Saunders] in this case" and, thus, "the defendant is not entitled to relief."

The district court found it could not set aside judgment because "when an appellate court decision changes, the law—that change acts prospectively." The district court found that Saunders was not entitled to the constitutional ramifications of *Boettger* because Saunders had been sentenced and completed his sentence several years earlier: "I'm going to find that the constitutional issue does not apply in this case with Mr. Saunders because his case was final long before *Boettger* was issued."

The district court also found that res judicata barred any *Apprendi* claim that there was insufficient evidence supporting the court's finding since another panel of this court had already determined whether sufficient evidence supported the district court's finding that the crime was sexually motivated. See *Saunders*, 2004 WL 2160942, at *3. Defense

counsel noted that substantial competent evidence differs from "evidence beyond a reasonable doubt." Saunders timely appealed.

ANALYSIS

On appeal, Saunders argues that his criminal threat conviction should be reversed because *Boettger* made reckless criminal threat convictions unconstitutional, and that his registration requirement should be removed because it was based on this conviction. Saunders also argues that the registration portion of his sentence should be vacated because the district court's factual findings that the crime was sexually motivated were constitutionally and statutorily inadequate.

The State contends that Saunders' appeal is procedurally barred and, even if Saunders' appeal was procedurally possible, the criminal threat conviction is constitutional under *Counterman v. Colorado*, 600 U.S. 66, 69, 143 S. Ct. 2106, 216 L. Ed. 2d 775 (2023).

*Preservation*

Most of the arguments Saunders raises on appeal are the same arguments he made in his motion before the district court. Saunders, however, states that he is making a new argument on appeal—that *Counterman* does not overrule *Boettger* in Kansas. Saunders argues that this constitutional issue may be raised for the first time on appeal. We agree, if:

"(1) The newly asserted claim involves only a question of law arising on proved or admitted facts and is determinative of the case; (2) consideration of the claim is necessary to serve the ends of justice or to prevent the denial of fundamental rights; [or] (3) the

4

district court is right for the wrong reason." *State v. Gomez*, 290 Kan. 858, Syl. ¶ 2, 235 P.3d 1203 (2010).

Although this might be a new way to argue that his conviction is unconstitutional despite the recent *Counterman* case, it is not really an unpreserved issue. *Counterman* was not decided until June 2023, and Saunders' hearing where he argued his *Boettger* issue was held on February 3, 2023. So, he could not have made this specific argument below. His arguments, therefore, are preserved or should be considered under the exceptions.

*Standard of Review*

It is difficult to pinpoint a standard of review because Saunders did not indicate what the basis was for his motion. On appeal, Saunders argues that we should have de novo review because he is challenging the legal bases for the district court's denial of his postconviction motion. The State also asks us to review the issue de novo.

Before addressing the merits of Saunders' arguments, we must first decide whether the district court, and, therefore, we, had jurisdiction to review the issues Saunders raised in his motion.

The right to appeal is a statutory right not contained in the United States or Kansas Constitutions. *State v. Herman*, 50 Kan. App. 2d 316, 322, 324 P.3d 1134 (2014). An appellate court may not exercise jurisdiction over an appeal that is not contained within a statute. 50 Kan. App. 2d at 327. An appellate court has unlimited review over jurisdictional issues and must inquire into jurisdiction on its own initiative. *State v. Marinelli*, 307 Kan. 768, 774, 415 P.3d 405 (2018). "When the record discloses a lack of jurisdiction, the appeal must be dismissed." *State v. J.D.H.*, 48 Kan. App. 2d 454, 458, 294 P.3d 343 (2013).

5

*Saunders Does Not Present a Procedural Vehicle to Hear His Claims*

The State contends that K.S.A. 60-1507, K.S.A. 22-3210, K.S.A. 22-3502, and K.S.A. 22-3504 are unavailable to Saunders. The State argues that no procedural vehicle is available to Saunders and Saunders' claim must be dismissed. The State also argues that because Saunders voluntarily and intelligently pled to the criminal threat conviction, Saunders waived all nonjurisdictional defects of the plea.

On appeal, Saunders does not provide the procedural vehicle for jurisdiction but does state the standard of review for a K.S.A. 60-1507 motion. Saunders similarly argues that he can raise constitutional issues on appeal to prevent a manifest injustice.

A district court lacks jurisdiction to consider postconviction motions unless a statute grants the district court jurisdiction. *State v. Robertson*, 309 Kan. 602, 604, 439 P.3d 898 (2019). Saunders did not identify a statutory basis for his motion. In the district court, Saunders' original motion only stated that the district court can hear arguments about subject matter jurisdiction at any time. Saunders continues this line of argument on appeal.

While Saunders correctly notes subject matter jurisdiction may be raised at any time, "there must be a procedural vehicle for presenting the argument to the court." *State v. Trotter*, 296 Kan. 898, 905, 295 P.3d 1039 (2013). Saunders does not identify a procedural vehicle, and the district court's denial of his motion can be affirmed for this reason.

Saunders appears to attack his conviction when he argues that, because *Boettger* made reckless criminal threat unconstitutional, he should not have been convicted of criminal threat. The procedural vehicle for attacks against a judgment of conviction is K.S.A. 60-1507. *Trotter*, 296 Kan. at 905.

6

Quite telling, Saunders is unable to provide the standard of review that aligns with his argument. Saunders cites *State v. Evans*, 315 Kan. 211, 218, 506 P.3d 260 (2022), to support his standard of review, but that standard of review is for a K.S.A. 60-1507 action. And only a person in custody may invoke relief under K.S.A. 60-1507. K.S.A. 2024 Supp. 60-1507(a); Supreme Court Rule 183(c)(1) (2025 Kan. S. Ct. R. at 237). Saunders has completed his sentence for this conviction and is not entitled to a K.S.A. 60-1507 action because he is not a person in custody claiming the right to be released. Additionally, the ongoing duty to register cannot be considered custodial for establishing jurisdiction under K.S.A. 60-1507. *Woods v. State*, No. 121,444, 2020 WL 4379037, at *2 (Kan. App. 2020) (unpublished opinion). For similar reasoning, Saunders has no claim under K.S.A. 60-1501 because he is not detained, confined, or restrained of his liberty.

Saunders can not request relief from an illegal sentence under K.S.A. 22-3504 because KORA requirements to register are not part of the sentence. *State v. Thomas*, 307 Kan. 733, 750, 415 P.3d 430 (2018). The definition of an illegal sentence does not include a claim that a criminal conviction is unconstitutional. *State v. Kilpatrick*, 306 Kan. 883, 885, 398 P.3d 854 (2017). Because Saunders' only claim is that the criminal threat conviction is unconstitutional, he does not indicate how his sentence is illegal under this statute.

No procedural vehicle appears to be available to Saunders. Saunders has already filed a direct appeal of his criminal conviction; his motion is not a motion to correct an illegal sentence; and his motion cannot be construed as either a K.S.A. 60-1507 motion or a K.S.A. 60-1501 petition. We therefore dismiss Saunders' claims because we lack jurisdiction. See *State v. Ross*, 315 Kan. 804, 806, 511 P.3d 290 (2022) (affirming district court's denial of claim when defendant failed to identify timely, unexhausted, and proper procedural vehicle for presenting subject matter jurisdiction challenge).

Appeal dismissed.