(942 P.2d 646)

No. 75,174

GENE D. SPENCER, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed July 18, 1997.

*Janine Cox*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

No appearance for the appellee.

Before PIERRON, P.J., ROGG, S.J., and LARRY T. SOLOMON, District Judge, assigned.

SOLOMON, J.: Gene D. Spencer appeals the district court's dismissal of his K.S.A. 60-1507 motion challenging the court's imposition of consecutive sentences. In addition, Spencer raises for the first time on appeal the issue of whether, pursuant to a beneficial plea agreement, a defendant may be convicted of a nonexistent crime.

In 1990, Spencer was charged with one count of aggravated battery, a class C felony. Pursuant to a plea agreement, the State amended the charge to attempted aggravated assault, a class E felony. Spencer pled no contest to the amended charge and was sentenced to a term of 1 to 2 years. He was then granted probation for a period of 1 year.

During the next 3 years, Spencer was the subject of several motions to revoke probation. It appears probation was extended, and in January 1994, he entered into a community corrections supervision agreement.

In December 1994, the district court revoked Spencer's probation because he had violated its conditions and had been convicted of five counts of forgery in another case. The court sentenced Spencer to concurrent terms of 18 months on each of the five forgery counts. The court found that under the sentencing guidelines. Spencer's sentence for the attempted aggravated assault would be 8 months. The court ruled: The sentences have to be served consecutively."

Spencer filed a 60-1507 petition challenging the court's imposition of consecutive sentences. The district court dismissed the motion for lack of merit.

We note the State failed to file a brief herein, despite our request to do so.

The issue of whether a defendant, pursuant to a beneficial plea agreement, can be convicted of a nonexistent crime is raised for the first time on appeal. Generally, issues not raised before the district court are precluded from consideration on appeal. See *State v. Alderson,* 260 Kan. 445, Syl. ¶ 7, 922 P.2d 435 (1996). Failure of an information or complaint to sufficiently state an offense, however, is a fundamental defect which can be raised at any time, even on appeal. *State v. Bird,* 238 Kan. 160, 166, 708 P.2d 946 (1985).

Spencer argues he pled guilty to the nonexistent offense of attempted aggravated assault and, therefore, his conviction should be vacated. In *State v. Martinez,* 20 Kan. App. 2d 824, 835, 893 P.2d 267 (1995), it was held that under Kansas law there is no such crime as attempted aggravated assault. Although *Martinez* dealt with the 1993 version of the aggravated assault statute (K.S.A. 21-3410[a]), the statute in effect when Spencer pled guilty in 1991 was substantially the same. Thus, it appears that Spencer did plead guilty to a nonexistent offense. Accordingly, we will entertain his appeal on this issue.

The issue of whether a defendant may be convicted by a plea of guilty pursuant to a beneficial plea agreement, of a nonexistent crime has never been addressed by the appellate courts of this state.

In *Martinez*, the defendant pled not guilty and was convicted by a jury of attempted aggravated assault. We reversed the conviction, ruling that under Kansas law as it existed in May 1993, there could be no criminal liability for attempted aggravated assault. 20 Kan. App. 2d 824, Syl. ¶ 6. Spencer argues the *Martinez* decision does not distinguish between a conviction after trial and a guilty plea. He further argues that the court concluded "there could not be a valid *conviction* for attempted assault in Kansas," (emphasis added) 20 Kan. App. 2d at 833, and that K.S.A. 21-3110(4) defines "conviction" to include a judgment of guilty upon a plea of guilty. Accordingly, Spencer argues *Martinez* prohibits a defendant from voluntarily entering a plea of guilty to a nonexistent crime in order to take advantage of a beneficial plea agreement.

We disagree. The *Martinez* ruling did not speak to a voluntary plea entered by a defendant who was taking advantage of a beneficial plea agreement. Martinez pled not guilty and was convicted over his objection to the charge. *Martinez* is not controlling in the instant case.

Other jurisdictions have considered this question and many have held that a defendant may plead guilty to a nonexistent crime and be convicted thereof pursuant to a beneficial plea agreement.

In *People v. Foster*, 19 N.Y.2d 150, 278 N.Y.S.2d 603, 225 N.E.2d 200 (1967), the New York Court of Appeals ruled that in such a case, there was no violation of a defendant's right to due process where he has induced the proceeding of which he now complains and "made no objection or complaint when asked in the presence of his counsel whether he had any legal cause to show why judgment should not be pronounced against him." 19 N.Y.2d at 153. The *Foster* court quoted the reasoning of *People v. Griffin*, 7 N.Y.2d 511, 199 N.Y.S.2d 674, 166 N.E.2d 684 (1960):

> "'[T]he practice of accepting pleas to lesser crimes is generally intended as a compromise in situations where conviction is uncertain of the crime charged. The judgment entered on the plea in such situation may be based upon no objective state of facts. *It is often a hypothetical crime*, and the procedure—authorized by statute—is justified for the reason that it is in substitution for a charge of crime of a more serious nature which has been charged but perhaps cannot be proved . . . [H]is plea may relate to a *hypothetical situation without objective basis*.'" 19 N.Y.2d at 154.

The *Foster* court finally concluded that although the plea may not be logically or technically consistent, it should be sustained because the defendant received the benefit of a bargain into which he freely entered. 19 N.Y.2d at 154. See also *People ex rel. Bassin v. Israel*, 31 Ill. App. 3d 744, 335 N.E.2d 53 (1975) (adopting approach of *Foster*); *People v. Genes*, 58 Mich. App. 108, 111, 227 N.W.2d 241 (1975) (A defendant may plead guilty to an attempt, even though a jury conviction might be improper.).

The Delaware Supreme Court ruled in *Downer v. State*, 543 A.2d 309 (Del. 1988), that the trial court had jurisdiction to accept a defendant's guilty plea to a nonexistent crime where the defendant benefits from the plea agreement. The *Downer* court further held that the defendant, "through a voluntary and intelligent plea bargain, has forfeited his right to attack the underlying infirmity in the charge to which he pleaded guilty." 543 A.2d at 312.

Spencer relies on a line of federal cases which raise significant questions about the power of a court to convict a defendant of a nonexistent crime after a guilty plea or trial. In *United States v. Edrington*, 726 F.2d 1029 (5th Cir. 1984), the defendant was charged with and pled guilty to one count of felony escape. He subsequently challenged the plea, arguing the indictment failed to allege an essential element of the crime. The Fifth Circuit ruled that Edrington's guilty plea did not bar his challenge to the sufficiency of the indictment, a jurisdictional defect. 726 F.2d at 1031. The court concluded that the district court should not have accepted a plea of guilty because it " 'is axiomatic that the elements alleged must amount to an offense.' " 726 F.2d at 1032 (quoting *United States v. Meacham*, 626 F.2d 503, 507 [5th Cir. 1980]). See also *United States v. Morales-Rosales*, 838 F.2d 1359 (5th Cir. 1988) (failure of an information to allege an element of an offense is a jurisdictional defect which is not waived by a guilty plea); *United States v. Green*, 797 F.2d 855, 856 (10th Cir. 1986)(defendant who was charged with and pled guilty to attempted escape may challenge jurisdictional defect which goes " 'to the very power of the State to bring the defendant into court to answer the charge brought against him.' [Citations Omitted.]").

Finally, Spencer raises the case of *United States v. Fletcher*, 919 F. Supp. 384 (D. Kan. 1996). Fletcher pled guilty as charged to conspiracy to possess with intent to distribute cocaine and using a firearm during and in relation to a drug trafficking crime. Subsequent to his pleas, the United States Supreme Court issued a decision narrowing the definition of "use" of a firearm. Fletcher argued on appeal that the Supreme Court ruling should be applied to his case retroactively and his conviction for "using" a firearm during and in relation to a drug trafficking offense should be overturned. The United States District Court ruled that Fletcher could attack the validity of his sentence based on the ground that the factual basis for his guilty plea did not constitute a crime. 919 F. Supp. at 389.

The cases cited by Spencer are all distinguishable from his case. In each instance, the defendant was originally brought into court on a pleading which failed to charge the defendant with a valid crime. The defendant pled guilty to the original invalid charge. Accordingly, the appellate courts ruled the defendants could challenge the court's jurisdiction to convict them.

In the instant case, Spencer was originally charged with a valid crime. To gain a beneficial advantage at sentencing, he then voluntarily and intelligently chose to enter a plea of guilty to a lesser, nonexistent offense. The facts in the instant case more closely parallel the facts in *Foster* and *Downer*.

We believe *Foster* and *Downer* proved a solid, logical rationale for allowing a guilty plea to a nonexistent crime as part of a plea agreement. Accordingly, we hold that a criminal defendant who is originally brought into court on a valid pleading may, pursuant to a beneficial plea agreement knowingly entered, plead guilty to a nonexistent crime. We further hold that if a defendant enters into a plea agreement voluntarily and intelligently, he or she forfeits the right to attack the underlying infirmity in the charge to which he or she pled.

Spencer also contends the district court erred in running his sentences consecutively.

At sentencing for the forgery convictions (which occurred while Spencer was on probation), the district court apparently believed

it had no discretion in sentencing pursuant to K.S.A. 21-4608. The court stated: "The sentences have to be served consecutively." It then proceeded to run Spencer's forgery sentences consecutive to his aggravated assault sentence.

In *State v. Edwards*, 252 Kan. 860, 870, 852 P.2d 98 (1993), the defendant faced a similar situation. The Kansas Supreme Court ruled:

> "The legislature may well have intended to make consecutive sentencing mandatory under the circumstances herein, but the clear language of the statute does not so indicate. Under such circumstances there is no room for judicial construction. Subsection (1) is a specific statute applied when all involved sentences occur, as here, *on the same date* and takes precedence over subsection (3) of said statute." (Emphasis in original.)

Because the trial court assumed the sentences were to run consecutively and did not exercise discretion in determining Edwards' sentence, the Supreme Court remanded for resentencing.

Edwards was sentenced under K.S.A. 1992 Supp. 21-4608, and Spencer was sentenced under K.S.A. 21-4608. There is no substantive difference between the two statutes. Because the district court did not exercise its discretion in determining whether to run Spencer's sentences concurrently or consecutively, this case must be remanded for proper sentencing under K.S.A. 21-4608.

The conviction is affirmed, the sentences imposed herein are vacated, and the case is remanded for resentencing.