NOT DESIGNATED FOR PUBLICATION

No. 123,807

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TYLER D. DECK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed April 1, 2022. Affirmed in part, sentence vacated in part, and case remanded with directions.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., ATCHESON and WARNER, JJ.

PER CURIAM: Tyler D. Deck appeals the district court's summary denial of his motion to correct illegal sentence. Deck claims the district court lacked subject matter jurisdiction to sentence him for his conviction of attempted unintentional second-degree murder, as there is no such crime in Kansas. In the alternative, he claims this court must remand the case with directions for the district court to file a nunc pro tunc order reflecting the correct sentence rendered in open court for this conviction. We agree with Deck's alternative claim but otherwise affirm the district court's judgment.

1

In September 2014, the State charged Deck with 11 crimes in case No. 14-CR-2320: attempted kidnapping, attempted murder in the first degree, criminal discharge of a firearm at an occupied building, attempted unintentional murder in the second degree, aggravated battery, four counts of criminal possession of a weapon by a convicted felon, possession of methamphetamine, and fleeing or attempting to elude an officer. Deck was also charged with aggravated robbery in case No. 14-CR-219.

Deck and the State entered a global plea agreement covering the two cases. Deck agreed to plead guilty to an amended robbery charge in 14-CR-219. In case No. 14-CR-2320, the State agreed to amend the attempted first-degree murder charge to attempted intentional second-degree murder under K.S.A. 2014 Supp. 21-5403(a)(1), a severity level 3 person felony. Deck agreed to plead guilty to this charge as well as the attempted unintentional but reckless second-degree murder charge, a severity level 4 person felony under K.S.A. 2014 Supp. 21-5403(a)(2), and the State agreed to dismiss the remaining nine charges. At sentencing, the State would recommend the middle number in the appropriate sentencing gridbox for all counts. Additionally, the State would ask the court to run the sentences for the two crimes in 14-CR-2320 concurrent with each other, but consecutive to the sentence in 14-CR-219 for a total anticipated prison sentence of 363 months. Deck would be free to seek a lower sentence.

The district court followed the plea agreement and sentenced Deck to 130 months' imprisonment for the robbery conviction, 233 months' imprisonment for the severity level 3 attempted second-degree murder charge arising under K.S.A. 2014 Supp. 21-5403(a)(1), and 41 months' imprisonment for the severity level 4 attempted second-degree murder charge arising under K.S.A. 2014 Supp. 21-5403(a)(2). The district court ordered the sentences in 14-CR-2320 to run concurrent with each other, but consecutive to the sentence for 14-CR-219, for a controlling sentence of 363 months in prison. The journal

entry of judgment stated that Deck received a 59-month prison sentence for the attempted unintentional second-degree murder conviction, instead of the 41-month prison sentence rendered in open court. Deck filed a notice of appeal but later dismissed it.

On November 5, 2020, Deck filed a pro se motion to correct illegal sentence under K.S.A. 22-3504. In the motion, Deck argued that his sentence was illegal because it was imposed by a court without jurisdiction. He asserted that the district court's jurisdiction arises from a complaint or information, and that if the facts alleged in a complaint or information do not constitute an offense then the instrument is fatally defective. Deck argued that the complaint in his case was fatally defective because it charged him with attempted unintentional second-degree murder, and such a crime is impossible to commit because it requires proof of an intent to commit an unintentional act. Deck asked for the appointment of counsel and for the district court to grant his motion "and vacate the sentence and conviction in this case."

The State responded and asserted that Deck's motion should be denied because "[a] defendant may not collaterally attack a conviction through a motion to correct illegal sentence under K.S.A. 22-3504. A challenge under that statute is limited to an attack on the sentence itself." Deck replied and clarified that he was only contesting his sentence and not his conviction. But for the first time, he also challenged the district court's subject matter jurisdiction to convict and sentence him for unintentional second-degree murder.

The district court summarily denied Deck's motion, finding that it lacked jurisdiction to rule on the motion. The district court found that Deck was "attempting to have his convictions reversed" and that he could "not collaterally attack a conviction through a motion to correct illegal sentence under K.S.A. 22-3504." The district court added that even if it had jurisdiction, the motion lacked merit, although the court did not explain its analysis of the merits. Deck timely filed a notice of appeal.

3

## DID THE DISTRICT COURT ERR IN DENYING DECK'S MOTION TO CORRECT ILLEGAL SENTENCE?

On appeal, Deck claims the district court erred in summarily denying his motion to correct illegal sentence filed under K.S.A. 22-3504. Conversely, the State asserts that the district court properly denied Deck's motion because his sentence was legal. An "illegal sentence" is a sentence "[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced." K.S.A. 2020 Supp. 22-3504(c)(1). An appellate court exercises unlimited review over a district court's summary denial of a motion to correct illegal sentence because an appellate court has the same access to the motion, records, and files as the district court. *State v. Trotter*, 296 Kan. 898, 901, 295 P.3d 1039 (2013).

Deck's original motion to correct illegal sentence argued that the complaint in his case was fatally defective because it charged him with attempted unintentional second-degree murder, and such a crime is impossible to commit because it requires proof of an intent to commit an unintentional act. Deck argued that the defective complaint deprived the district court of jurisdiction to convict and sentence him and because K.S.A. 22-3504 defines an illegal sentence as one rendered by a court without jurisdiction, the district court could consider his motion and conclude that his sentence was illegal.

The Kansas Supreme Court has repeatedly held that a K.S.A. 22-3504 motion is an improper vehicle for an argument that a charging document is fatally defective. E.g., *Trotter*, 296 Kan. 898, Syl. ¶ 1; *State v. Deal*, 286 Kan. 528, 530, 186 P.3d 735 (2008); *State v. Hoge*, 283 Kan. 219, 225-26, 150 P.3d 905 (2007); *State v. Nash*, 281 Kan. 600, Syl. ¶ 2, 133 P.3d 836 (2006). Moreover, our Supreme Court has ruled that defects in a charging document do not deprive a court of jurisdiction. *State v. Dunn*, 304 Kan. 773, 811, 375 P.3d 332 (2016). The defective complaint argument Deck raised in his original

4

motion to correct illegal sentence is nearly identical to the argument rejected in these cases. Because the Kansas Supreme Court has held that such an argument is not proper under K.S.A. 22-3504, the district court did not err in summarily rejecting it.

If Deck's only argument was that the charging document was defective, then the analysis would end here. But after the State responded to Deck's motion to correct an illegal sentence, Deck replied and included a broader argument that the district court lacked subject matter jurisdiction to sentence him. He clarified that he is only contesting his sentence and not his conviction. On appeal, Deck continues to focus his argument on subject matter jurisdiction, and both parties briefed the issue.

Unlike charging document defects, which are not properly raised in a K.S.A. 22-3504 motion because they constitute an impermissible collateral attack on a conviction, subject matter jurisdiction can be raised at any time. See *State v. Breedlove*, 285 Kan. 1006, 1009, 179 P.3d 1115 (2008). Although the difference in Deck's arguments is subtle, we will address his claim that the district court lacked subject matter jurisdiction to sentence him for his conviction of attempted unintentional second-degree murder because the crime is impossible to commit. "The question of whether subject matter jurisdiction exists is one of law subject to unlimited review on appeal." *Dunn*, 304 Kan. at 784.

In *Dunn*, the Kansas Supreme Court held that the Kansas Constitution is the source of subject matter jurisdiction over a case. 304 Kan. at 811. The court specifically noted that under Article 3, § 6(b) of the Kansas Constitution, "'district courts shall have such jurisdiction in their respective districts as may be provided by law.'" *Dunn*, 304 Kan. at 789. Kansas law provides that "the district court shall have exclusive jurisdiction to try all cases of felony and other criminal cases arising under the statutes of the state of Kansas." K.S.A. 22-2601. Based in part on these principles, the *Dunn* court found that a charging document must include three things to show the existence of subject matter jurisdiction:

5

"Charging documents need only show that a case has been filed in the correct court, *e.g.*, the district court rather than municipal court; show that the court has territorial jurisdiction over the crime alleged; and allege facts that, if proved beyond a reasonable doubt, would constitute a Kansas crime committed by the defendant." 304 Kan. at 811.

Deck focuses on the third part of this statement. He asserts that attempted unintentional second-degree murder is not a crime in Kansas and that, under the test set forth in *Dunn* and the plain language of K.S.A. 22-2601, district courts are without subject matter jurisdiction to try crimes that are not enumerated in Kansas statutes.

The district court accepted Deck's guilty pleas to the attempted second-degree murder charges under K.S.A. 2014 Supp. 21-5403(a)(1) and (a)(2). Before continuing, it is important to note the differences between these subsections. K.S.A. 2020 Supp. 21-5403(a) states:

> "(a) Murder in the second degree is the killing of a human being committed:
> (1) Intentionally; or
> (2) unintentionally but recklessly under circumstances manifesting extreme indifference to the value of human life."

"Attempt" is defined by K.S.A. 2020 Supp. 21-5301(a) as "any overt act toward the perpetration of a crime done by a person who intends to commit such crime but fails in the perpetration thereof or is prevented or intercepted in executing such crime." In this appeal, Deck only challenges his sentence for attempted unintentional second-degree murder arising from his conviction under K.S.A. 2014 Supp. 21-5403(a)(2).

The Kansas Supreme Court has held that it is impossible to commit the crime of attempted unintentional second-degree murder under what is now K.S.A. 21-5403(a)(2) because it "would require the specific intent to commit an unintentional killing." *State v. Shannon*, 258 Kan. 425, 429, 905 P.3d 649 (1995). In that case, Rachelle Shannon argued

6

on direct appeal that her conviction of attempted first-degree murder should be reversed because the district court failed to instruct the jury on the lesser included offenses of attempted unintentional second-degree murder and attempted involuntary manslaughter. Our Supreme Court rejected the argument, finding that neither crime was a "recognized offense[] in Kansas." 258 Kan. at 428-29. See also *State v. Gentry*, 310 Kan. 715, 732, 449 P.3d 429 (2019) (reaffirming this principle).

The court's holdings in *Gentry* and *Shannon* were in the context of explaining why the crimes of attempted unintentional second-degree murder and attempted involuntary manslaughter were not lesser included offenses of attempted first-degree murder. But the Kansas Supreme Court has never held that a defendant cannot plead guilty to attempted unintentional second-degree murder as part of a plea bargain.

As the State points out, this court has treated plea bargain cases differently. In *Spencer v. State*, 24 Kan. App. 2d 125, 942 P.2d 646 (1997), *aff'd on other grounds* 264 Kan. 4, 954 P.2d 1088 (1998), the question was "whether a defendant, pursuant to a beneficial plea agreement, can be convicted of a nonexistent crime . . . ." 24 Kan. App. 2d at 126. The court found that under the circumstances of a bargained-for plea agreement, a conviction for a nonexistent crime should be upheld:

> "[W]e hold that a criminal defendant who is originally brought into court on a valid pleading may, pursuant to a beneficial plea agreement knowingly entered, plead guilty to a nonexistent crime. We further hold that if a defendant enters into a plea agreement voluntarily and intelligently, he or she forfeits the right to attack the underlying infirmity in the charge to which he or she pled." 24 Kan. App. 2d at 129.

The *Spencer* holding has been used as a three-factor test to determine when a defendant may plead guilty to a nonexistent crime as a part of a plea agreement. Under these factors, courts examine whether the defendant: "(1) was initially brought into court on a valid pleading; (2) received a beneficial plea agreement; and (3) voluntarily and

knowingly entered into the plea agreement." *McPherson v. State*, 38 Kan. App. 2d 276, 281, 163 P.3d 1257 (2007) (applying the *Spencer* factors in a case involving attempted unintentional second-degree murder). In both *McPherson* and *Spencer*, the defendant pleaded guilty to an amended charge alleging an attempt to commit a statutory crime, although the amended charge was logically impossible to commit.

The parties disagree on how the *Spencer* factors apply in Deck's case, particularly the first factor: whether the defendant was initially brought into court on a valid pleading. *Spencer* directs courts to look at the validity of a pleading, and the State interprets this to mean looking at the pleading as a whole. Because the complaint charged Deck with numerous crimes recognized under Kansas law, the State argues he was brought into court on a valid pleading.

Deck disagrees, asserting that *McPherson* and *Spencer* are distinguishable from his case. In each of those cases, the defendant was originally charged with valid crimes under Kansas law and one of the charges was amended to a crime that was logically impossible to commit. Deck was *originally* charged in Count 4 with an offense that is impossible to commit: attempted unintentional second-degree murder. He discusses cases from other jurisdictions and asserts that courts should look at the validity of the specific charge to decide whether the court has jurisdiction to accept a plea to the charge.

We agree with the State that in deciding whether the district court had jurisdiction to accept Deck's plea, the court should look to the validity of the complaint as a whole. When a complaint contains multiple charges arising from a single criminal episode, the district court acquires jurisdiction assuming at least one of the charges states a valid crime against the defendant for which venue lies in the district court. Here, the original complaint contained 11 counts for the related crimes Deck allegedly committed on September 6, 2014, and Deck challenges the court's jurisdiction over only one count. And even the charge of attempted unintentional second-degree murder had an alternative

8

count of aggravated battery, so there was a valid charge that covered that shooting. When the pleading alleges facts which, if true, would constitute a crime under Kansas law, then the district court has jurisdiction to accept a plea to an offense that, while defined by the Kansas Criminal Code, is logically impossible to commit.

The language of K.S.A. 22-2601 supports looking at a case as a whole in determining a court's jurisdiction to accept a plea. This statute provides that district courts have jurisdiction over "all *cases* of felony and other criminal *cases* arising under the statutes of the state of Kansas." (Emphasis added.) K.S.A. 22-2601. The emphasis on cases rather than charges is also echoed in *Dunn*. *Dunn* states to invoke the district court's jurisdiction, a charging document must "allege facts that, if proved beyond a reasonable doubt, would constitute a Kansas crime committed by the defendant." 304 Kan. at 811. Again, this language supports the idea that as long as the charging document contains some valid charges—charges supported by facts that constitute a crime—the district court has jurisdiction over a case.

The law tolerates a number of legal fictions in the context of pleas. See, e.g., *North Carolina v. Alford*, 400 U. S. 25, 37-38, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970) (allowing a defendant to avoid the probability of a more severe sentence by pleading guilty to a crime for which the defendant claims to be innocent). Given that Deck was charged with a statutory crime, although one that is logically impossible to commit, the district court could accept Deck's guilty plea to attempted unintentional second-degree murder. This is the type of legal fiction that is allowed by Kansas courts in accepting a defendant's guilty plea. *McPherson*, 38 Kan. App. 2d at 281; *Spencer*, 24 Kan. App. 2d at 129.

In sum, the district court had jurisdiction to accept Deck's guilty plea in this case. The State charged Deck with 11 crimes, and Deck does not challenge the district court's jurisdiction over 10 of those crimes. When a district court has jurisdiction over any of the charges in a criminal case, as it does here, it can accept a guilty plea for a statutory crime

9

that is impossible to commit. While accepting such a plea requires a legal fiction, it does not deprive the district court of jurisdiction to convict and sentence a defendant. Thus, Deck's sentence for attempted second-degree murder under K.S.A. 2014 Supp. 21-5403(a)(2) is not illegal, and the district court did not err in summarily denying Deck's motion to correct illegal sentence. See *State v. Overman*, 301 Kan. 704, 712, 348 P.3d 516 (2015) (district court's decision will be upheld when it is correct for any reason).

## SHOULD THIS COURT REMAND THE CASE AND ORDER THE DISTRICT COURT TO ISSUE A NUNC PRO TUNC ORDER CORRECTING DECK'S SENTENCE?

If this court does not grant Deck his requested relief, he asks in the alternative for us to order the district court to correct the journal entry of judgment, which reflects a higher sentence than the one pronounced from the bench. The State agrees that we should order the district court to issue a nunc pro tunc order correcting the journal entry. This issue presents a question of law over which this court exercises unlimited review. *Abasolo v. State*, 284 Kan. 299, 303, 160 P.3d 471 (2007).

The revised Kansas Sentencing Guidelines Act provides two controlling factors that govern presumptive sentences for on-grid offenses: criminal history of the defendant and the severity level of the crime committed. See K.S.A. 2020 Supp. 21-6804(c). Attempted murder in the second degree under K.S.A. 2020 Supp. 21-5403(a)(2) is a severity level 4 felony. K.S.A. 2020 Supp. 21-5403(b)(2) (stating that violation of K.S.A. 2020 Supp. 21-5403[a][2] is a severity level 2 felony); K.S.A. 2020 Supp. 21-5301(c)(1) (stating that an attempt to commit a nondrug felony shall be ranked two severity levels below the appropriate level for the underlying crime).

Deck had a criminal history score of A, but because his conviction for attempted second-degree murder in violation of K.S.A. 2014 Supp. 21-5403(a)(2) and K.S.A. 2014 Supp. 21-5301(c)(1) was not used to establish his base sentence, Deck's criminal history

10

score for that offense was I. K.S.A. 2020 Supp. 21-6819(b)(5) ("Nonbase sentences shall not have criminal history scores applied, as calculated in the criminal history I column of the grid, but base sentences shall have the full criminal history score assigned."). Thus, Deck should have been sentenced to the 4-I gridbox.

The 4-I gridbox provides a presumptive sentence of 38-41-43 months' imprisonment. K.S.A. 2020 Supp. 21-6804(a). At the sentencing hearing, the district court orally sentenced Deck to "41 months" in prison for his conviction under Count 4 for attempted unintentional second-degree murder. This reflects the presumptive standard sentence in box 4-I on the sentencing grid. But the journal entry of judgment states that the crime was severity level 3, listed the presumptive sentences from box 3-I on the sentencing grid, and reflected that Deck was sentenced to 59 months in prison, the presumptive standard sentence in box 3-I.

"[A] criminal sentence is effective when pronounced from the bench; it does not derive its effectiveness from the journal entry." *Abasolo*, 284 Kan. at 304. Because of this, "where the sentence announced from the bench differs from the sentence later described in the journal entry, the orally pronounced sentence controls." 284 Kan. at 304. In such cases, the case "'must . . . be remanded to the district court for journal entry correction to conform to the sentences pronounced.' [Citation omitted.]" 284 Kan. at 304; see also *State v. Mason*, 294 Kan. 675, 677, 279 P.3d 707 (2012) ("The journal entry of sentencing can be corrected by a nunc pro tunc order so that it reflects the actual sentence pronounced from the bench, which was a legal sentence."). Thus, we vacate Deck's 59-month prison sentence under Count 4 in 14CR2320 and remand with directions for the district court to file a nunc pro tunc order reflecting the correct sentence of 41 months in prison rendered in open court for this conviction.

Affirmed in part, sentence vacated in part, and case remanded with directions.