NOT DESIGNATED FOR PUBLICATION

No. 126,793

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RICKEY RAMONE SMITH,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Crawford District Court; KURTIS I. LOY, judge. Submitted without oral argument. Opinion filed August 29, 2025. Affirmed.

*Kristen B. Patty,* of Wichita, for appellant, and *Rickey Smith*, appellant pro se.

*Ryan J. Ott,* assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., GARDNER and HURST, JJ.

HURST, J.: Pursuant to a plea agreement signed more than a decade ago, Rickey Ramone Smith pled guilty to several serious charges, including second-degree intentional murder. The district court sentenced Smith to more than 25 years of imprisonment in accordance with the joint recommendation made in the plea agreement. Apparently, Smith later regretted his plea bargain and therefore appealed his conviction and, eventually, filed the K.S.A. 60-1507 motion underlying this appeal in which he alleged ineffective assistance of his trial counsel. Smith's motion also alleged that the third amended information containing the offenses to which he ultimately pled guilty was never filed. The district court summarily denied Smith's K.S.A. 60-1507 motion,

1

reasoning Smith's trial counsel effectively helped him understand his charges and the plea agreement.

Smith now appeals the district court's summary denial of his K.S.A. 60-1507 motion, asserting he was entitled to an evidentiary hearing on his claims of ineffective assistance of counsel. This court's review reveals that Smith's claims lack merit and thus he failed to demonstrate the need for an evidentiary hearing. The district court did not err in summarily denying Smith's K.S.A. 60-1507 motion, and its judgment is accordingly affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

In 2012, Smith entered a plea agreement with the State in which he agreed to plead guilty to second-degree intentional murder, aggravated battery, aggravated burglary, and conspiracy to commit aggravated robbery. Smith also agreed to testify against his codefendants after cooperating with law enforcement to locate them. In exchange for this plea, the State agreed not to file additional charges, and the parties agreed to make a joint sentencing recommendation of a controlling prison term of 322 months. The district court then sentenced Smith in accordance with the plea agreement.

About eight months after his sentencing, Smith filed a motion to appeal out of time alleging that his trial counsel failed to advise him that he could appeal. The district court appointed Smith counsel, who filed an amended motion to appeal out of time, which the court granted after finding Smith was not informed of his right to appeal and was not given an attorney to pursue an appeal. See *State v. Ortiz*, 230 Kan. 733, Syl. ¶ 3, 640 P.2d 1255 (1982). Smith promptly filed a notice of his direct appeal. However, a panel of this court ultimately dismissed Smith's direct appeal for lack of appellate jurisdiction because his appeal challenged his convictions notwithstanding that he pled guilty and never moved to withdraw his pleas. The court reasoned that "a defendant may

2

not file a direct appeal from a plea of guilty or nolo contendere unless the defendant first files a motion to withdraw the plea and the trial court denies the motion." *State v. Smith*, No. 119,508, dispositional order filed June 27, 2019, slip op. at 1 (Kan. App.).

In 2017, while his motion to appeal out of time was still pending, Smith also filed the K.S.A. 60-1507 motion that is the subject of this appeal. In his motion, Smith alleged various ineffective assistance of counsel claims and errors by the court:

"• Trial counsel was ineffective because he did not inform Smith that the sentences could run consecutively, Smith thought he was pleading to crime(s) where the total sentence would be 195 months, and Smith did not understand the plea agreement, rendering his pleas not voluntarily and intelligently given;

"• Smith was convicted of three crimes—Second-Degree (Intentional) Murder, Aggravated Robbery, and Conspiracy to Commit Aggravated Robbery — that he was never formally charged with in the Information or any amendment, and no 'Third Amended Information' was ever filed in district court;

"• Second-Degree (Intentional) Murder requires the specific element of intent, which the prosecutor knew did not exist, the judge failed to adequately inquire or have the prosecution show that there was intent, and trial counsel failed to adequately advise Smith of the intent requirement or of any evidence the prosecution might present to establish it; and

"• Aggravated Robbery requires the taking of property from another, which the prosecutor knew that there was no evidence to support, the judge failed to adequately inquire or have the prosecution show that there was property taken, and trial counsel failed to adequately advise Smith of this requirement or of any evidence the prosecution might present to establish it."

The same attorney appointed to represent Smith in his motion to appeal out of time also represented him in his K.S.A. 60-1507 motion.

3

The district court summarily denied Smith's K.S.A. 60-1507 motion, reasoning it was "very clear there was a complete understanding and these pleas were a free and voluntary act" and that there was "nothing in the record that would indicate the movant was denied competent representation or deprived of his right to a fair hearing." Smith timely appealed.

DISCUSSION

Although the ultimate objective of Smith's K.S.A. 60-1507 motion might have been better pursued through a motion to withdraw his guilty pleas, his motion and appeal seek relief for ineffective assistance of counsel under K.S.A. 2016 Supp. 60-1507. A K.S.A. 60-1507 motion is a mechanism by which a movant may collaterally attack their conviction or sentence because "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." K.S.A. 2024 Supp. 60-1507(b); *Rowland v. State*, 289 Kan. 1076, Syl. ¶ 1, 219 P.3d 1212 (2009). When alleging ineffective assistance of counsel in a K.S.A. 60-1507 motion, as Smith does here, the movant carries the burden to show the claim warrants an evidentiary hearing. *State v. Sprague*, 303 Kan. 418, 425, 362 P.3d 828 (2015). This burden requires more than mere conclusory allegations "and must state an evidentiary basis in support of those claims or some evidentiary support must appear in the record." *Breedlove v. State*, 310 Kan. 56, 66, 445 P.3d 1101 (2019). The movant must "set forth a factual background, names of witnesses, or other sources of evidence to demonstrate that the movant is entitled to relief." *Swenson v. State*, 284 Kan. 931, Syl. ¶ 2, 169 P.3d 298 (2007).

On appeal, Smith asserts he was entitled to an evidentiary hearing on his ineffective assistance of trial counsel claim for: (1) failing to inform Smith that the sentences could run consecutively; (2) failing to inform Smith that the State must prove

4

intent as to the second-degree murder charge; (3) failing to inform Smith that the State would have to prove the taking element of the aggravated robbery charge; and (4) allowing Smith to plea to charges in the third amended information that may not have been filed with the court. Smith also filed a pro se supplemental appellate brief in which he asserts error on the basis that the third amended information—which included the offenses to which he pled guilty—was ostensibly never filed. Accordingly, all other issues raised below but not briefed on appeal are abandoned. See *State v. Meggerson*, 312 Kan. 238, 246, 474 P.3d 761 (2020) ("Issues not briefed or not adequately briefed are deemed waived or abandoned.").

The district court has three options when evaluating a K.S.A. 60-1507 motion: (1) determine the motion, files, and case records conclusively show the prisoner is not entitled to relief and summarily deny the motion; (2) determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing. *State v. Adams*, 311 Kan. 569, 577-78, 465 P.3d 176 (2020). This court's standard of review turns on which of these options the district court employed. 311 Kan. at 578. When, as here, the district court summarily denies the motion, this court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to any relief. *Noyce v. State*, 310 Kan. 394, 398, 447 P.3d 355 (2019); see K.S.A. 2024 Supp. 60-1507(b); Kansas Supreme Court Rule 183(f) (2025 Kan. S. Ct. R. at 237-38).

Claims of ineffective assistance of trial counsel are analyzed under a two-prong test in which the movant must show:  (1) their defense counsel was deficient, and (2) there is a reasonable probability that, absent the deficiency, the trial result would have been different. *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Khalil-Alsalaami v. State*, 313 Kan. 472, 485, 486 P.3d 1216 (2021). "To

establish deficient performance under the first prong, 'the defendant must show that counsel's representation fell below an objective standard of reasonableness.'" 313 Kan. at 485 (quoting *Strickland*, 466 U.S. at 688). To demonstrate prejudice, the defendant must establish with reasonable probability that the deficient performance affected the outcome of the proceedings, based on the totality of the evidence. 313 Kan. at 486. Here, the motion, files, and case records conclusively show Smith is not entitled to relief on the claims of ineffective assistance of counsel he asserts on appeal.

I.      *Smith failed to show his trial counsel was deficient for allegedly failing to notify him of the potential sentence he faced in the plea agreement.*

Smith claims his trial counsel failed to notify him of the potential for his sentences to be served consecutively, resulting in more than 195 months imprisonment. This claim is contradicted by the record. The plea agreement signed by Smith *explicitly* stated his total sentence under the parties' joint recommendation would be 322 months—not 195 months. Additionally, at sentencing, neither Smith nor his attorney objected to the State's assertion that the parties' joint recommendation under the plea agreement was for a total of 322 months in prison as a result of the sentences being ordered to run consecutive. Specifically, the prosecutor explained the requested joint sentence as 322 months resulting from consecutive sentences: "on Count 1, that would be 195 months, Count 2 would be 61 months, Count 3 would be 34 months, Count 4 would be 32 months. These sentences or counts, I should say, would run consecutive to each other and that is where we come up with a total of 322 months." Smith failed to establish a deficiency in his trial attorney's performance regarding notification of the total sentence.

II.     *Smith failed to show his trial counsel was deficient for allegedly failing to notify him of the elements the State was required to prove for the charges of second-degree murder and aggravated robbery.*

Smith alleges his trial counsel failed to explain that the State would have to prove the intent element in the second-degree murder charge and the taking element in the aggravated robbery charge. However, Smith's signed plea agreement stated he fully understood all the charges against him as enumerated in the third amended information—which was attached to the plea agreement. The plea agreement further provided: "I have read, understood, and have discussed with my attorney each and every part of this Petition to Enter Plea Agreement." Finally, at the end of the plea agreement, Smith's trial counsel signed a certification in which he stated he personally witnessed Smith sign the agreement, that Smith read the entire agreement, and that he answered any questions Smith had before he signed the agreement.

In addition to all the statements in the plea agreement about the charges, the district court also recited the four charges contained in the third amended information and their respective potential sentences at the plea hearing. The court asked Smith, among other things, if he understood "the charges in the four counts and the possible penalties," and Smith responded, "Yes, sir." Additionally, at the plea hearing, the State recited the following factual basis for Smith's pleas:

> "On October 6, 2011, this defendant, along with [his three codefendants] conspired to go to the home of [R.B.] located at [redacted address] in order to rob him of a large amount of money that all four of these defendants believed they had.
>      "It was their intent to go in while they were armed with a dangerous weapon, which was a handgun, these four individuals left Joplin, went into Crawford County and went to the residence of [R.B.]. When they did so, this defendant, along with [a codefendant] went into the home through the back, they were not welcomed or invited in

7

the home. This defendant brandished a weapon and pointed it to [R.B.] and intentionally shot [R.B.] but without premeditation.

"[R.B.] suffered a bullet to the chin that went through the throat and was lodged in his throat, which was the cause of death in this matter.

"Additionally, [R.B.] and [B.B.] were in the home when this defendant entered with the handgun along with [a codefendant], and additionally there was money taken from the people.

"I believe that this factual basis suffices for the second degree murder, the aggravated robbery, the aggravated burglary, along with the conspiracy to commit aggravated robbery."

Importantly, the district court asked Smith, "And you've had a chance to discuss, obviously, this plea with your attorney, and you are satisfied that you totally understand the ramifications and the result of the plea and what the sentence most likely would be?" Smith responded, "Yes, Your Honor." The district court likewise asked Smith, "And are you satisfied with [your trial counsel]'s representation to date?" Smith responded, "Yes, sir." Smith presented no evidence supporting his allegation that his trial attorney rendered ineffective assistance of counsel by not informing him of the charges or their respective elements.

III.    *Smith failed to show error or deficient performance of his trial counsel from the States's alleged failure to file the third amended information.*

Smith also filed a pro se supplemental appellate brief in which he claims error on the basis that the third amended information containing the charges to which he ultimately pled guilty was ostensibly never filed. Specifically, Smith alleges:

"ISSUE I:      The Appellant asserts the Complete failure of any (THIRD COMPLAINT INFORMATION) resulted in the Court's ability to Unconstitutionally act accepting a Plea to a Crime where the State knew

8

(ALL THE ELEMENTS OF THE CRIME DID NOT FACTUALLY EXIST).

"ISSUE II:     Trial Counsel was Ineffective in his failure to Object to the lack of any (THIRD COMPLAINT INFORMATION), allowing the Appellant to enter a plea to Crimes for which he was not Guilty, Prejudicing Appellant to Convictions where all the Elements of the Crimes (DID NOT EXIST)."

It is unclear whether the third amended information was ever filed. At the plea hearing, the State and the district court both stated the third amended information had been filed, but the record on appeal does not otherwise verify that filing. Nonetheless, Smith's claims are unavailing.

As an initial matter, the third amended information was attached to the plea agreement which was filed on January 12, 2012. Smith was therefore on notice of its content. Moreover, the signed plea agreement also stated that Smith received it and understood the charges in it:

"3. I have received and reviewed copies of the Third Amended Information charging me in these matters. I have discussed the Third Amended Information, and the charges against me, with my attorney. I fully understand all charges against me.

"4. I have told my attorney all the facts and circumstances known to me about the charges against me in the Third Amended Information. I believe [my attorney] is fully informed on all such matters, and he has counseled and advised me on the nature of each charge and all possible defenses I might have in these cases."

In evaluating the claim, first, Smith points to no legal authority supporting his argument that a defendant may only plead to crimes identified in the State's *filed* complaint or information. In fact, at times defendants will plead to lesser, uncharged

9

crimes in exchange for dismissal of other charged crimes or an agreement that the State will not pursue additional charges. See, e.g., *State v. Smith*, No. 125,897, 2024 WL 1827296, at *1 (Kan. App. 2024) (unpublished opinion) ("The State charged Smith with murder in the second degree, a level 1 person felony. . . . Smith and the State reached a plea agreement in which he agreed to plead guilty to the lesser charge of voluntary manslaughter."); *State v. Reyes*, No. 97,928, 2008 WL 2510570, at *1 (Kan. App. 2008) (unpublished opinion) ("[A]n amended complaint was filed charging Reyes with second-degree murder (severity level 2) along with the charge of aggravated battery. Reyes ultimately agreed to plead guilty to a lesser charge of DUI-related manslaughter (severity level 4) and aggravated battery.").

Second, panels of this court have repeatedly held that when a defendant voluntarily and knowingly enters into a beneficial plea agreement, they "forfeit[] the right to collaterally attack any underlying infirmity in the charge to which [they] pled." *State v. Pollman*, 56 Kan. App. 2d 1015, Syl. ¶ 3, 441 P.3d 511 (2019); see also *Spencer v. State*, 24 Kan. App. 2d 125, Syl. ¶ 2, 942 P.2d 646 (1997) ("A defendant who enters into a plea agreement voluntarily and intelligently forfeits the right to attack the underlying infirmity in the charge to which he or she pled."). Smith voluntarily and intelligently entered a beneficial plea agreement, so he cannot now collaterally attack the charges to which he pled guilty.

Finally, even if the third amended information was never filed, Smith knew its contents. The district court recited all four charges contained in the third amended information at the plea hearing and Smith confirmed to the court that he had a chance to discuss the plea agreement with his attorney and understood its potential ramifications. Additionally, when the State recited the factual basis for Smith's guilty plea to the charges included in the third amended information, neither Smith nor his attorney objected.

10

CONCLUSION

The motion, files, and records of the case conclusively establish Smith is not entitled to relief on his allegations that his trial counsel rendered ineffective assistance in advising Smith on the nature of the charges to which he pled guilty or his potential sentence under the parties' joint recommendation in the plea agreement. Smith failed to carry his burden of demonstrating that an evidentiary hearing was necessary given the record that contradicts his allegations. In sum, Smith—with the aid of his attorney—understood the charges presented in the third amended information and chose to plead guilty to those crimes rather than risk the possibility the State could file additional charges or recommend a harsher sentence. The district court's judgment is accordingly affirmed.

Affirmed.

11